Robert Childers, d/b/a Roberts, Plaintiff-Appellant, v. State of Illinois Liquor Control Commission, Morris Muhleman, Local Liquor Control Commissioner of the City of Rock Island, Illinois and the City of Rock Island, Illinois, Defendants-Appellees.

Gen. No. 65–47.

Third District.

January 24, 1966.

Bell, Farrar, Scott & Cunningham, of Rock Island (Robert M. Bell, of counsel), for plaintiff-appellant.

William G. Clark, Attorney General, of Springfield, and Stanley Lipczynski, Assistant Attorney General, of Moline (Dorothea O'Dean, of counsel), for State of Illinois Liquor Control Commission, Bernard C. Gillman, of Rock Island, for Morris Muhleman, and City of Rock Island, defendants-appellees.

STOUDER, J.

On November 20, 1964, the Mayor of Rock Island, Illinois, as Local Liquor Commissioner for that city revoked appellant's liquor license previously issued by the city of Rock Island. The Illinois Liquor Commission affirmed the action of the Rock Island Liquor Commissioner as did the Circuit Court of Rock Island County, reviewing the action of the Illinois Liquor Commission under the provisions of the Administrative Review Act. This appeal follows.

The circumstance which precipitated the instigation of proceedings by the Rock Island Liquor Commissioner was the charge that appellant, on October 26, 1964, sold liquor to a person under the age of 21 years in violation of a Rock Island City Ordinance and the Statutes of Illinois. No criminal proceedings were or have been instituted with respect to this ordinance violation.

After a hearing before the Local Liquor Commissioner of the city of Rock Island, said Commissioner in his written order of revocation, found that appellant had violated the Ordinance of the City of Rock Island and Statutes of State of Illinois by a sale of liquor to a person under the age of 21 years on October 26, 1964. The order further found that appellant had been convicted of a violation of the closing hours ordinance of Rock Island on February 28, 1964. Appellant filed his petition with the Illinois Liquor Commission for a review of the action of the Local Liquor Commissioner revoking his license.

At the hearing before the Illinois Liquor Commission the minor, to whom the alleged sale of liquor was made on October 26, 1964, testified in behalf of appellee. She testified that she had entered the tavern and was seated at a table in the company of three adult male companions. That one of the adults had purchased alcoholic drinks at the bar for the adults and a 7-Up for her, returning with the drinks to the table. She testified that although her companions had tried to get her to take a portion of their drinks she had refused. The minor's testimony was the only evidence in support of the alleged ordinance violation by a sale of liquor to a minor on October 26, 1964.

The Mayor, Local Liquor Commissioner, testified in support of his order at the hearing before the Illinois Liquor Commission substantially as follows: that the city officials hadn't been able to catch appellant on various matters and for that reason they revoked the license when he was brought in this time; that at the hearing before him he had stated he wanted to close the place on general principles; that "numerous killings, stabbings and shootings" had hurt the reputation of Rock Island and the local newspaper had called attention to many unfavorable incidents occurring in the area in which appellant's establishment is located, there also being three other taverns located in the immediate area. From the cross-examination of the Mayor and the Chief of Police

it appears that the "numerous killings" referred to the death from a heart attack of one man in a parked car in the parking lot behind appellant's premises. The man was a known alcoholic and there was no evidence that his death was related to any misconduct of appellant. The "shooting" referred to shots having been fired from a car driving on the street in front of appellant's premises and an incident between a husband and wife occurring in an alley behind appellant's premises, neither of which were related to any misconduct of appellant. No criminal charges resulted from any of the incidents either against appellant or the parties involved.

The Chief of Police also testified that he had received a complaint from a person who claimed to have lost a diamond ring while asleep at appellant's bar. Appellant admitted that such a complaint had been made but that the complainant had not purchased any alcohol in appellant's tavern.

Other evidence at the hearing before the Illinois Liquor Commission consisted of the transcripts of court proceedings with respect to two previous violations of Rock Island Ordinances. The first was the record of conviction of a sale of liquor to a minor on June 23, 1963. This offense was not included as a finding in the Local Liquor Commissioner's order of revocation of November 20, 1964. The second transcript, mentioned in the Commissioner's order of revocation, involved a closing hour violation to which appellant pleaded guilty on February 28, 1964. Subsequent to the after hours conviction, the Local Liquor Commissioner of Rock Island, after hearing, suspended appellant's license for three days. The Illinois Liquor Commission adopted the findings of the Local Liquor Commissioner by reference, approved such findings and affirmed the action of the Local Commissioner.

Appellant, in seeking a reversal of the order of the Illinois Liquor Commission, contended in his action for judicial review in the Circuit Court, that the action of

111

the Illinois Liquor Commission was against the manifest weight or was unsupported by substantial evidence and he had renewed that contention in this court.

■ The judicial function in the review of actions of administrative bodies has been often stated, namely that the action of the administrative body shall be deemed prima facie true and correct and that such administrative action will not be disturbed unless it is against the manifest weight of the evidence or is not supported by substantial competent evidence. Logan v. Civil Service Commission, 3 Ill2d 81, 119 NE2d 754.

■ In connection with the sale of alcoholic beverages it is well settled that the manufacture and sale of alcohol are peculiarly subject to the control of the legislature in the exercise of its power to promote the public health, safety and welfare. No person has a vested property right in the sale of alcoholic beverages. It is also well settled that if the sale of alcoholic beverages be lawful, as it now is, our sense of fair play and justice requires that the regulations by the appropriate authorities and the enforcement of such regulations be not arbitrary or capricious. Shoot v. Illinois Liquor Control Commission, 30 Ill2d 570, 198 NE2d 497.

■ We shall first consider the evidence in support of the findings that appellant was guilty of a sale of liquor to a minor on October 26, 1964. In examining the record before us, we find that the only evidence concerning the alleged sale, is the testimony of the 17-year-old girl to whom the sale was allegedly made. We have scrutinized her testimony carefully and can only conclude that it contains nothing from which any sale to her can reasonably be inferred. Her testimony that she did not purchase any alcoholic beverages is uncontradicted. We therefore find nothing in the record to support the finding that any violation in fact took place on October 26, 1964. The finding of the Local Liquor Commission that

112

such a sale took place is unsupported by substantial evidence and was therefore improper.

■ ■ We next consider the testimony of the Mayor in his capacity as Local Liquor Commissioner and that of the Chief of Police as it appears from the record of their testimony before the Illinois Liquor Commission. Although there are no findings either in the Local Commissioner's order or that of the Illinois Liquor Commission relating to the testimony of these witnesses, we shall consider the inferences or conclusions which might be drawn from their testimony. Again we are concerned with appellant's misconduct. When we consider the testimony against appellant, both on direct and cross-examination we find that several incidents had taken place in the general vicinity of appellant's place of business, incidents which had resulted in adverse newspaper publicity. However none of the incidents related to any wrong doing on the part of appellant or in the conduct of his business. The good intentions of city authorities to deal with city problems should not and cannot be considered a substitute for evidence of appellant's misconduct or wrong doing. It is fundamental that the authority to revoke a license for cause is limited to conduct or actions of the licensee or conduct or actions of others for which he is deemed responsible or chargeable.

■ ■ Conversely a licensee cannot be charged with conduct over which he has no control. We find nothing in the testimony of the Mayor or Chief of Police from which any misconduct on the part of appellant can reasonably be inferred.

Lastly we consider appellee's contention that even though the evidence does not support the sale of liquor to a minor on October 26, 1964, nor that appellant was in any way connected with the various disturbances above described, the record of two prior convictions is, of itself, sufficient to support the revocation. Subsequent

to the last of these two prior convictions, the Liquor Control Commissioner suspended appellant's license for three days.

■■■ The conduct of a retail liquor business is a continuing business. Therefore a strict application of the doctrine of res adjudicata is not applicable. However we believe that some effect must be given to an order of a Local Commissioner as to the issues determined by such order. A proceeding, once concluded, should preclude the assessment of further penalties in the absence of proof of additional misconduct. While we have been unable to find any Illinois cases on this point, Interboro Beverage Corp. v. Doran, 52 F2d 35, deals with a related question.

The Interboro Beverage case, supra, involved a prohibition administrator's refusal to renew an annual permit. The facts showed that a prior such refusal had been appealed to the district court and there reversed. The administrator then refused the permit in the succeeding year, basing his refusal on the same evidence of misconduct as had resulted in the prior refusal. Upon appeal from the second refusal the court held that the administrator's action could only be justified by new evidence of additional misconduct, the prior judgment operating as an estoppel on the facts. Although the Interboro Beverage case is, obviously, factually different from the instant case, nevertheless the reasoning therein employed is applicable, namely that once a determination has been made on the existing state of facts a further action based on the same facts is unjustified.

■■■ In the instant case the Local Liquor Commissioner, subsequent to the two convictions in question, suspended appellant's license for three days. We believe that this disciplinary action constitutes an estoppel on the facts as of the date of the suspension order. Misconduct of a licensee, for which disciplinary action has previously been administered, may be considered in a

subsequent proceeding by the local Liquor Commissioner only in conjunction with new evidence of misconduct. To hold otherwise would place the licensee in the position of continuing his business at the whim of the licensing authority. The exercise of such authority by the Local Liquor Commissioner we deem to be arbitrary and capricious.

Accordingly we find that the order of the Illinois Liquor Commission was unsupported by substantial competent evidence and is, therefore, erroneous, and that the judgment of the Circuit Court of Rock Island County was also erroneous. The judgment of the Circuit Court of Rock Island County is therefore reversed.

Judgment reversed.

CORYN, P. J. and ALLOY, J., concur.