Richard J. Daley, Mayor and Local Liquor Control Commissioner of the City of Chicago, Plaintiff-Appellant, v. Andrew Thaxton, Licensee, and License Appeal Commission of the City of Chicago, Defendants-Appellees.

Gen. No. 51,398.

First District, Fourth Division.

January 22, 1968.

Rehearing denied and supplemental opinion April 17, 1968.

Raymond F. Simon, Corporation Counsel of the City of Chicago, of Chicago (Sydney R. Drebin and Marsile J.

Hughes, Assistant Corporation Counsel, of counsel), for appellant.

Wexler & Wexler and Samuel S. Cohon, of Chicago (Samuel S. Cohon, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from the entry of a judgment by the Circuit Court of Cook County on February 23, 1966, which judgment affirmed the decision of the License Appeal Commission to reverse the order of Richard J. Daley, Mayor and Liquor Control Commissioner of the City of Chicago, revoking defendant Andrew Thaxton's license.

On March 1, 1965, the Mayor, as ex officio Local Liquor Control Commissioner, began proceedings to revoke the defendant's liquor license, charging that on September 19, 1964, during an altercation on the licensed premises, Susan Thaxton, barmaid and wife of the licensee, assaulted a patron—one George Griffine—with a deadly weapon, to wit; a revolver, in violation of the statutes of the State of Illinois and ordinances of the City of Chicago. The Mayor, as Local Liquor Control Commissioner, is authorized by section 5, article VII of the Liquor Control Act (Ill Rev Stats 1965, c 43, § 149) to revoke any license issued by him "if he determines that the licensee has violated any of the provisions of this Act or of any valid ordinance or resolution enacted by the particular city council, . . . or any applicable rule or regulations established by the local liquor control commissioner or the State commission which is not inconsistent with law."

On March 7, 1965, the licensee, Andrew Thaxton, was notified of a hearing scheduled for March 10, 1965. On showing on behalf of the plaintiff that George Griffine could not be located or served with a subpoena, the hearing was continued until March 23, 1965. Finally, a hearing was held on April 6, 1965. On April 9, 1965, the plaintiff

278

found that the charges were supported by the evidence received in the revocation proceeding and ordered Thaxton's license revoked. Thaxton then appealed this order of revocation to the License Appeal Commission which heard arguments of the parties based upon the proceedings conducted by the plaintiff, and on May 14, 1965, entered an order reversing the plaintiff's order of revocation. The plaintiff filed an application for rehearing with the License Appeal Commission, which application was denied on May 21, 1965. On June 24, 1965, the plaintiff filed his administrative review action to review the final order of the License Appeal Commission. On February 23, 1966, the trial court entered a judgment affirming the decision of the License Appeal Commission. From this judgment the plaintiff appeals, praying that the judgment be reversed.

On September 19, 1964, Andrew Thaxton was the licensee of a tavern located at 2150 West Van Buren Street, Chicago, Illinois. In addition to operating the tavern the licensee worked for the U. S. Steel Corporation, 8900 South Chicago Avenue. His wife operated the tavern while he was working at the steel mill. On the evening of September 19, 1964, George Griffine was shot while in the tavern of Thaxton, and at 11:00 p. m. he was in the County Hospital being treated for a gunshot wound in the left side of his body near his groin. Police Officer James Stevens took a statement from Griffine, made a written report of it and called it in to his station.

Police Officer Eugene Williams testified that in response to a call he and his partner arrived at A & D's Tavern, 2150 West Van Buren, to investigate the shooting of Griffine. He stated that when they arrived Mr. and Mrs. Thaxton were present, with several patrons; that he asked Mrs. Thaxton if there had been a shooting, and she said yes, that the person shot was called Poor Boy, whose name the police later determined was George

Griffine. The witness testified that he had never at any time seen Griffine.

Officer Williams testified that Mrs. Thaxton produced a .38 caliber revolver which she admitted having fired; that he examined the gun and determined, from Mrs. Thaxton's admission and from smelling the weapon, that it had been fired; that there were five live cartridges and one spent cartridge in the gun. He stated that after Mrs. Thaxton gave him the gun he asked the reason for the shooting, whether she had been involved, and whether anyone else had been on the premises at the time. He stated: "Mrs. Thaxton did not answer my question as to the reason for the shooting, when we first came to the tavern. She was then in a state of shock. Later, she gave us the reason in the form of a statement. She came to the 13th District Police Station and made the statement." (The statement does not appear in the record.) The gun was inventoried, sent to the crime laboratory, and subsequently destroyed.

The police officers then talked to Thaxton, licensee, and told him that from the information they had received there had been a shooting in the tavern. He said he had heard about it when he came in.

On October 19, 1964, there was a police court hearing on this matter. The charges were dismissed for want of prosecution when Griffine did not appear.

Andrew Thaxton, the licensee, testified as follows: He had operated the tavern at 2150 West Van Buren Street for five years; he also worked in the steel mill and his wife operated the tavern when he was working. When he was not at the steel mill he spent all his time at the tavern, which opened at 8:30 a. m., and closed at 2:00 a. m. On September 19, the date of the shooting, he came in later in the evening and did not know what had happened. The gun was his; he had had it since he opened the tavern, and it was registered. He knew George Griffine, who had been a customer of his for a long time.

280

On April 9, 1965, the City of Chicago made the following finding:

"That on September 19, 1964, during an altercation on the licensed premises, Susan Thaxton, barmaid on the licensed premises, and wife of the licensee, assaulted a patron on said premises, one George Griffine, with a deadly weapon, to-wit: a revolver, in violation of the Statutes of the State of Illinois and Ordinances of the City of Chicago."

■ It is argued that the plaintiff's revocation order was not against the manifest weight of the evidence. On behalf of the plaintiff the argument is made in this court that the licensee's agent, in firing the revolver, violated an ordinance of the City of Chicago, section 193–1 of the Municipal Code of Chicago, which provides in part: ". . . all persons who shall wilfully assault another in the city, . . . shall be deemed guilty of disorderly conduct, . . ." The charge upon which the license was revoked is of itself not sufficient, inasmuch as it only alleges that Susan Thaxton "assaulted a patron on the premises . . . with a deadly weapon . . ." Section 193–1 of the Code, the section upon which the plaintiff relies, provides that ". . . all persons who shall *wilfully* assault another in the city, . . . shall be deemed guilty of disorderly conduct, . . ." Nor is the order of revocation entered by the plaintiff sufficient in that it does not find that Susan Thaxton "wilfully" assaulted a patron. Since the entire finding is based upon the assault, we cannot carry over—as the City argues— the violation of another section of the Municipal Code * prohibiting the discharge of a gun or pistol in the City of

---

* Section 193–29 of the Municipal Code of Chicago provides in part: "No person shall fire or discharge any gun, pistol, or other firearm within the city, except upon premises used by a duly licensed shooting gallery, gun club, or rifle club, or in accordance with the provisions of section 193–32 of this code."

Chicago. The finding revoking the license of Andrew Thaxton was against the manifest weight of the evidence.

The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.

SUPPLEMENTAL OPINION UPON DENIAL OF PETITION FOR REHEARING.

In the petition for rehearing in this court plaintiff points out that the opinion originally filed made no determination concerning the finding of the Mayor that State statutes were violated, and that the finding was proper. In support of that contention plaintiff cites sections 12–1 and 12–2 of chapter 38, Illinois Revised Statutes 1965, as follows:

§ 12–1. (a) A person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery.

§ 12–2. (a) A person commits an aggravated assault, when, in committing an assault, he: (1) Uses a deadly weapon.

Plaintiff then argues that since the word "wilfully" does not appear in the statute the Mayor's finding is not defective.

However, the previous sections defining assault and aggravated assault must be read in connection with section 4–3, chapter 38, Illinois Revised Statutes 1965, which provides:

§ 4–3. (a) A person is not guilty of an offense, other than an offense which involves

282

absolute liability, unless, with respect to each element described by the statute defining the offense, he acts while having one of the mental states described in Sections 4–4 through 4–7.

Section 4–4 defines intent as follows:

§ 4–4. A person intends, or acts intentionally or with intent, to accomplish a result or engage in conduct described by the statute defining the offense, when his conscious objective or purpose is to accomplish that result or engage in that conduct.

The Committee Comments to sections 4–3 and 4–4 of the Criminal Code explain that the former use of words such as "wilful" are encompassed within the phrase "with intent."

In the instant case the trial court concluded that there was no evidence of the required intent, and we find no error in its decision that the finding of the Commission revoking the license was against the manifest weight of the evidence.

For the foregoing reasons, we adhere to the opinion as originally adopted, and the petition for rehearing is denied.