**Richard J. Daley, Local Liquor Control Commissioner of the City of Chicago, Plaintiff-Appellant, v. Andrew Richardson, Licensee, and the License Appeal Commission of the City of Chicago, A. L. Cronin, Chairman, Defendants-Appellees.**

Gen. No. 51,734.

First District, Second Division.

December 17, 1968.

384

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Henry N. Novoselsky, Assistant Corporation Counsel, of counsel), for appellant.

No appearance made or brief filed in behalf of appellees.

MR. JUSTICE McNAMARA delivered the opinion of the court.

The City of Chicago appeals from a judgment of the Circuit Court of Cook County. The Mayor of the City of Chicago, in his capacity as Local Liquor Control Commissioner, on March 7, 1966, revoked the local liquor license of the licensee Andrew Richardson for the premises located at 3608 S. Wentworth Avenue, Chicago. On April 22, 1966, the Mayor's order was reversed by the License Appeal Commission of the City of Chicago. The Mayor then filed an administrative review action in the Circuit Court of Cook County. The court entered judgment sustaining the order of the License Appeal Commission, and this appeal follows.

The City contends that the finding made by the Mayor upon which he based his order of revocation, was supported by substantial evidence in the record, and that neither the finding nor the order can be considered as being against the manifest weight of the evidence. Consequently, the City urges that the License Appeal Commission erred by reweighing the evidence and passing upon the credibility of the witnesses who appeared before the Mayor, and that the Circuit Court erred in sustaining the order of the Commission.

██ The appellees have failed to file an appearance or answering brief in this court. Although the reviewing court may reverse the judgment without further explanation where the appellees fail to submit the answering brief, Matyskiel v. Bernat, 85 Ill App2d 175, 228 NE2d

746 (1967), we have examined the record to determine the merits of the appeal.

At a revocation hearing before the deputy local liquor commissioner on March 1, 1966, Havord Evans testified that he and Bernice Lewis entered the tavern in question on the evening of August 28, 1965. While there, they quarrelled with each other. When he tried to get her out from behind the bar, the licensee Andrew Richardson started tussling with him. During the tussle, Richardson directed the bartender to shoot him. He heard a gun fire, was shot and was hospitalized. Evans also testified that he was unarmed. Bernice Lewis corroborated the testimony of Evans. She also testified that both the licensee and the bartender had guns, and that she asked Richardson not to shoot Evans.

Andrew Richardson, his wife, Jevy Mae Richardson, and the bartender Frank Huggins, all testified that Huggins shot Evans twice after Evans attacked Richardson, fired four shots into the ceiling and advanced on Huggins, threatening to kill him.

The only gun recovered by the police on the premises was one owned by Richardson, and Richardson stated that it was this gun which was used by the bartender.

After this hearing, the Mayor revoked the liquor license issued to Andrew Richardson. The revocation order contained a finding that on August 28, 1965, Frank Huggins, bartender, assaulted a patron with a revolver in violation of the ordinances of the City of Chicago and statutes of the State of Illinois.

██ The Illinois Liquor Control Act expressly gives the Mayor as Local Liquor Control Commissioner the power to revoke for cause any local liquor license (Ill Rev Stats 1965, c 43, § 112(1)). And the courts consistently have upheld the right of the Mayor to reasonably exercise his discretion to determine whether cause for revocation of a local liquor license exists. Daley v. License Appeal Commission, 11 Ill App2d 421, 138 NE2d

73 (1956); Day v. Illinois Liquor Commission, 39 Ill App 2d 281, 188 NE2d 883 (1963).

■ The Administrative Review Act (Ill Rev Stats 1965, c 110, § 274) provides that the factual conclusions of the administrative agency shall be held to be prima facie true and correct, and the function of the courts is limited to assert if the findings and decision of the administrative agency are against the manifest weight of evidence. DeGrazio v. Civil Service Commission of the City of Chicago, 31 Ill2d 482, 202 NE2d 522 (1964).

The Liquor Control Act (Ill Rev Stats 1965, c 43, § 153) authorizes the License Appeal Commission to act solely as an administrative reviewing agency after revocation by the Local Liquor Commissioner and provides in part as follows:

> "The State Commission shall review the propriety of the order or action of the local liquor control commissioner and shall consider the following questions:
>
> "(a) whether the local liquor commissioner has proceeded in the manner provided by law;
>
> "(b) whether the order is supported by the findings;
>
> "(c) whether the findings are supported by substantial evidence in the light of the whole record.
>
> "The only evidence which may be considered in the review, shall be the evidence found in the certified official record of the proceedings of the local liquor control commissioner. No new or additional evidence shall be admitted or considered."

■ The right of the License Appeal Commission to review the findings and orders made by the local liquor commissioner after revocation is comparable to the scope of review of the courts in administrative review matters.

The License Appeal Commission may not receive new evidence, is limited in its review to the record presented to the Local Liquor Control Commissioner and to a determination of whether there was substantial evidence to support the findings of the Local Commissioner. Daley v. Kilbourn Club, Inc., 64 Ill App2d 235, 211 NE2d 778 (1965). Because of the limited nature of the authority of the License Appeal Commission, the sole issue presented to this court is whether the Mayor's findings and order of revocation were supported by substantial evidence in light of the entire record made before him.

■ ■ In the instant case, the findings and order of the Mayor were supported by substantial evidence. The Mayor saw fit to accept the testimony of Havord Evans and Bernice Lewis and to reject that of the licensee, his wife and the bartender. Such action was proper on the part of the Mayor because as trier of fact he had all the witnesses before him and was able to observe them and to judge by their bearing and demeanor the credibility of their testimony. There was sufficient evidence to show that the licensee Andrew Richardson, through the acts of his employee, assaulted and wounded a patron while on the licensed premises. There was also testimony that this assault by the bartender was at the direction of the licensee. However, even if it were determined that the licensee had not given such instructions, the Liquor Control Act (Ill Rev Stats 1965, c 43, § 185) holds the licensee strictly accountable for all violations committed by his employees on the premises. This assault was in contravention of the law, and constituted sufficient cause for the revocation of the defendant's liquor license.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is reversed and the cause is remanded with directions to the court to affirm the order of the Local Liquor Control Commissioner.

Judgment reversed and cause remanded with directions.

BURKE, P. J. and LYONS, J., concur.