Douglas Middleton *et al.,* Plaintiffs-Appellants, *v.* The License Appeal Commission of the City of Chicago *et al.,* Defendants-Appellees.

(No. 59316; )

First District (3rd Division)—June 20, 1974.

Reibman and Hoffman, Ltd., of Chicago, for appellants.

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Dennis James Stolfo, Assistant Corporation Counsel, of counsel), for appellees.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs filed an administrative review action in the circuit court of Cook County to set aside an order of the local liquor control commissioner of the City of Chicago. The order, which was affirmed by the city's License Appeal Commission, suspended for 15 days the retail liquor license held by plaintiffs. The trial court sustained the order, and plaintiffs appeal. The charge against plaintiffs was that they permitted an assault to take place upon one of their patrons in their licensed premises, in violation of the Liquor Control Act of Illinois (Ill. Rev. Stat. 1971, ch. 43, par. 110) and Rule 3 of the Rules and Regulations adopted by the Commission.

The pertinent facts are undisputed. David Hadley visited plaintiffs' tavern located in the City of Chicago at 10:30 P.M. on November 27, 1971. Hadley testified at the hearing that when he walked up to the bar to purchase a drink, an unidentified patron approached him and began "fussing" with him for no apparent reason. Hadley further testified

that he and the patron then went outside and began fighting "far away" and "to the left" of the tavern. During the fight, the patron pulled a knife and stabbed Hadley in the back. Hadley later took a taxi to a hospital, from which he was released two hours later.

Douglas Middleton, a co-licensee and co-plaintiff, testified that he and two bartenders were behind the bar serving drinks on the evening in question. The other owner, John Boyd, was not present when these events occurred. Although the tavern was crowded and Middleton did not wait on Hadley, Middleton recalled catching a glimpse of Hadley at the opposite end of the bar. At some point that evening, the bartender closest to Middleton told him that there was "some confusion" at the end of the bar. Middleton looked up just in time to see one man run out the door. This was all Middleton knew. He denied knowledge of the occurrences which took place outside.

The Commission made two findings:

1. That on November 27, 1971, during an altercation on the licensed premises, David Hadley was assaulted by unknown persons with a deadly weapon, to-wit: a knife.

2. That on November 27, 1971, the co-licensee, Douglas Middleton, failed to protect said victim, failed to render aid to said victim, and failed to notify the Police Department of the above altercation.

Plaintiffs contend that the action of the Commission is against the manifest weight of the evidence, and that the finding that the licensee failed to protect a patron and notify the police of the incident is insufficient grounds for suspension of a liquor license. Because of our view of the proceedings, we deem it necessary to consider only the argument that the findings are against the manifest weight of the evidence.

■■ Judicial review of a decision of an administrative agency must always begin with the realization that a court must consider the agency's findings and conclusions to be prima facie true and correct. (Ill. Rev. Stat. 1971, ch. 110, par. 274 *et seq.*) Such a rule, however, does not relieve a court of its duty to examine the evidence in an impartial manner and to set aside an order unsupported in fact. (*Wheeler v. County Board of School Trustees* (1965), 62 Ill.App.2d 467, 210 N.E.2d 609.) Where the findings of the administrative body are against the manifest weight of the evidence or where they are unsupported by substantial evidence in the record, a court is compelled to set aside the order. *Daley v. Ryan* (1967), 80 Ill.App.2d 44, 225 N.E.2d 143 (abstract opinion).

A review of the record indisputably demonstrates that the first finding of the Commission that Hadley was assaulted with a knife on the premises is without foundation. No one testified to seeing the assailant brandish a knife inside the tavern. On the contrary, Hadley himself

asserted that the first time he saw the knife was outside during the fight.

■■ The appellees urge that the Commission "obviously" determined a simple assault was committed inside the tavern which, by Middleton's failure to respond, was permitted to become aggravated outside. There is no basis in the record to support a conclusion that an assault or altercation of any type took place inside the tavern. Hadley's sole testimony concerning his confrontation with the person inside the tavern was that the latter began "fussing" with him. To infer an assault from that testimony would require conjecture and surmise. *Evans v. License Appeal Com.* (1968), 95 Ill.App.2d 121, 237 N.E.2d 817.

Our conclusion that there was a complete absence of competent proof regarding the first finding applies equally as well to the second finding that Middleton failed to protect a patron and to notify the police.

There is no competent evidence to support an inference of Middleton's knowledge, permission, or acquiescence in the assault outside the tavern. As he looked up upon being informed of some confusion at the end of the bar, he saw one man run out a nearby door. Nothing in the record indicates that Middleton saw him chasing a person or being chased. Middleton observed no weapon. Plaintiffs cannot be charged with conduct over which they had no control. (See *Childers v. Illinois Liquor Control Com.* (1966), 67 Ill.App.2d 107, 213 N.E.2d 595.) Since the record clearly shows the plaintiffs had no knowledge of a criminal offense taking place on the licensed premises or in the conduct of their business, they were incapable of rendering any assistance to the victim or of notifying the police.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

DEMPSEY and McGLOON, JJ., concur.