BEER & BRAT, INC., d/b/a Monkey Inn, Plaintiff-Appellee, *v.* THE LIQUOR CONTROL COMMISSION *et al.,* Defendants-Appellants.

Third District   No. 76-450

Opinion filed December 31, 1976.

William J. Scott, Attorney General, of Chicago and Ronald F. Coplan, of Morrison, for appellants.

Donald E. Blodgett, of Rock Falls, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Whiteside County, which, after a hearing under the Administrative Review Act, reversed a decision of the Local Liquor Control Commission and the Illinois Liquor Control Commission which had respectively revoked and affirmed the revocation of the license of Beer & Brat, Inc., d/b/a Monkey Inn (hereinafter referred to as the plaintiff), which permitted the sale of beer. The order of reversal entered by the circuit court further specifically reinstated the license to the plaintiff.

The record in this cause clearly reflects that the place of business known as Monkey Inn located in the City of Sterling was the scene of a number of not only undesirable and offensive incidents, but acts of criminal nature during the period of September 13, 1975, to November 7, 1975. During this specific period one patron had in some manner been cut, two melees or brawls occurred, and on one occasion a shot had been fired through the window of the tavern.

The City of Sterling and the Illinois Liquor Control Commission (hereinafter referred to as the defendants) seek to reverse the order of the Circuit Court of Whiteside County which reinstated the plaintiff's license and assert that the only issue is whether the decision to revoke the same by the Illinois Liquor Control Commission is contrary to the weight of the evidence. For purposes of this appeal the defendant Illinois Liquor Control Commission joins in and adopts the brief of the defendant City of Sterling.

■■ We do not agree with the defendants' assertion that the sole and only issue presented in this appeal relates to a question regarding the manifest weight of the evidence. We agree with the contention of the plaintiff that we must first determine if procedurally the liquor license was validly revoked.

The applicable law in our State provides for the revocation or suspension of a local liquor license for a violation of the Dram Shop Act or any valid ordinance or resolution or any rule or regulation of the Local Liquor Control Commissioner. (See Ill. Rev. Stat. 1975, ch. 43, par. 149.) While in the instant case there is evidence of undesirable and offensive incidents occurring at the plaintiff's place of business, the record is devoid of any charge or itemization as to what statute, ordinance, rule or

regulation had been violated by the plaintiff. Neither the complaint nor the order of the local commission which was affirmed without findings by the State commission sets forth any statute, ordinance, rule or regulation which had been specifically violated. We do not condone the thwarting of the enforcement of the law on mere technicalities; however, it is not a mere technicality that a licensee of a liquor license is entitled to be specifically charged as to what statute, ordinance or rule he had violated. See *Daley v. Thaxton* (1968), 92 Ill. App. 277, 236 N.E.2d 433.

■■ The plaintiff raises another issue which cannot be ignored and that is that the authority to revoke a license for cause is limited to conduct of the licensee or his agents and further that a licensee cannot be charged with conduct over which he has no control. See *Easy Life Club, Inc. v. License Appeal Com.* (1974), 18 Ill. App. 3d 879, 310 N.E.2d 705; also *Childers v. Illinois Liquor Control Com.* (1966), 67 Ill. App. 2d 107, 213 N.E.2d 595.

In the *Childers* case this court stated:

"When we consider the testimony against appellant, both on direct and cross-examination we find that several incidents had taken place in the general vicinity of appellant's place of business, incidents which had resulted in adverse newspaper publicity. However none of the incidents related to any wrong doing on the part of appellant or in the conduct of his business. The good intentions of city authorities to deal with city problems should not and cannot be considered a substitute for evidence of appellant's misconduct or wrong doing." *Childers v. Illinois Liquor Com.* (1966), 67 Ill. App. 2d 107, 113, 213 N.E.2d 595.

■■ Without delving into a lengthy and detailed recitation of the evidence it is suffice to say that the record in this appeal does not establish the fact that the misconduct which occurred in plaintiff's tavern was chargeable to the licensee, its agents or employees. The strongest evidence against the plaintiff is that on one occasion a bartender in the Monkey Inn refused to give any information to police officers concerning an injured patron who had been cut; however, there is nothing in the record to indicate that the bartender had any information to disclose. The shooting incident which occurred on October 3, 1975, was that of a shot being fired by someone outside the tavern which penetrated a window of the tavern. That several brawls occurred is not questioned but there is also evidence that on one occasion a bartender attempted to assist in quelling the disturbance. After another incident the owner voluntarily closed the tavern for two days. The owner further hired a manager for the tavern after "checking out" the individual with the chief of police.

In this appeal we do not have a situation where the licensee or his agents instituted, aided, abetted or participated in unlawful conduct.

■■■ For the reasons set forth we are of the opinion that procedurally

the plaintiff was not properly charged with revocable violations and that further upon examining the evidence the findings of the Local Liquor Commissioner were against the manifest weight of the evidence. The order of the Circuit Court of Whiteside County is accordingly affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.