THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* STATE BOARD OF EDUCATION, ILLINOIS OFFICE OF EDUCATION, *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 80-2697

Opinion filed September 30, 1981.

Dejong, Poltrock & Giampietro, of Chicago (Lawrence Poltrock, Michael Radzilowsky, and Stephen Daday, of counsel), for appellants.

Michael J. Murray, of Chicago (Patricia J. Whitten, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Board of Education of the City of Chicago, instituted dismissal proceedings against defendant Barry Isaac, a tenured elementary school teacher. A hearing officer appointed by defendant State Board of Education found that the evidence presented by plaintiff failed to support the charges and ordered that Isaac be reinstated. Plaintiff instituted proceedings in the trial court under the Administrative Review Act. (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) The trial court found that the decision of the hearing officer was contrary to the manifest weight of the evidence. Defendants appeal.

Plaintiff's complaint against Isaac, a teacher for ten years, set forth three grounds in support of the discharge: failure to maintain discipline within and outside the classroom, failure to provide adequate instruction, and administration of corporal punishment. In setting aside the hearing officer's decision as to the corporal punishment charge, the trial court stated that on the basis of the evidence presented the hearing officer's decision was preposterous.

■■ Defendants initially maintain that the hearing officer's decision was supported by the evidence. We are limited on appeal to the question whether the agency decision is against the manifest weight of the evidence. (*Lowe v. Board of Education* (1979), 76 Ill. App. 3d 348, 395 N.E.2d 59.) Such a determination requires an examination of all the testimony and circumstances shown in the record. (*Viera v. Illinois Racing Board* (1978), 65 Ill. App. 3d 94, 382 N.E.2d 462.) Where the agency decision is against the manifest weight of the evidence it is the reviewing court's duty to reverse. *Heng v. Foster* (1978), 63 Ill. App. 3d 30, 379 N.E.2d 688; *Middleton v. License Appeal Com.* (1974), 20 Ill. App. 3d 534, 314 N.E.2d 596.

Relative to the corporal punishment charge, testimony concerning two incidents support the trial court's finding that the agency decision was against the manifest weight of the evidence. Two fellow teachers testified about an occurrence between Isaac and a fourth grade child in the school hall on April 18, 1978. Mrs. Jeffries stated that she saw Isaac striking the boy's head against the locker. She approached Isaac and took his arm in order to stop him. The child had an egg-sized bump on his forehead. Barbara Sims corroborated the fact that the incident occurred. She testified that she did not arrive at the scene until people were already standing around Isaac and the child. As she ascended the stairs, she saw Isaac shaking the child. She did not observe the bump on the boy's head, explaining that she did not get a good look at the boy and did not examine him for injuries. Isaac testified that no such incident occurred. He did state that he touched pupils with a pointer and that he physically placed them in line.

■■ A school security guard testified that in October or November 1978 he stopped a boy en route to Isaac's class and detained the boy until the recitation of the pledge of allegiance was completed. He then released the boy and told Isaac that he had detained the student. A few moments later, the security guard heard a commotion outside Isaac's room and saw Isaac with the boy against the locker "beating him on the head." The security guard's testimony was uncontroverted. Several parents and the principal of the school also testified that Isaac had administered corporal punishment upon other pupils. We agree, however, that the hearing officer properly excluded this hearsay evidence.

Despite the testimony regarding the two incidents, the hearing officer ruled that "at the very worst, Mr. Isaac could be cited for shaking children." The hearing officer apparently discounted the testimony of Jeffries because she could not accurately recall the child's name, and because Sims was unable to support the Jeffries' testimony regarding the lump on the child's forehead. The hearing officer similarly discounted the security guard's testimony on the basis of a "contradiction" in his testimony. On direct examination the guard stated that the boy was "early" and therefore he detained the boy until after the pledge was recited; on cross-examination, he stated that the children should be in class before the pledge starts.

■■ Like the trial court, we believe that, based on the foregoing testimony, it was preposterous for the hearing officer to determine that the evidence did not support the charge that Isaac administered corporal punishment warranting dismissal. The testimony of Jeffries and Sims was not inconsistent or contradictory, and the uncontroverted testimony of the security guard was not impeached or contradictory. The evidence overwhelmingly supports the corporal punishment charge, and the trial court properly so held.

■■ Defendants also maintain that even if the hearing officer's decision is against the manifest weight of the evidence, Isaac nevertheless is entitled to reinstatement since he was not given written notice as required by the statute in matters where the cause of dismissal is remediable. (Ill. Rev. Stat. 1977, ch. 122, par. 34—85.) Whether a specific cause for dismissal is remediable depends upon the facts of each case. The test for remediability is "whether damage has been done to the students, faculty or school, and whether the conduct resulting in that damage could have been corrected had the teacher's superiors warned [him] * * *." *Grissom v. Board of Education* (1979), 75 Ill. 2d 314, 331-32, 388 N.E.2d 398.

■■ It is beyond dispute that when a student has been the victim of corporal punishment the damage to that student has been done. (*Fender v. School District No. 25* (1976), 37 Ill. App. 3d 736, 347 N.E.2d 270.) The fact that the school's rules expressly prohibit corporal punishment also militates heavily in favor of the conclusion that the teacher's conduct would not have been corrected by a written warning. In the present case, the hearing officer stated that if the charges had been proved they were irremediable. He was correct. Under the circumstances, it is clear that the charge was irremediable and that written notice was not required prior to instituting formal charges against Isaac.

Defendants rely upon *Grissom v. Board of Education* (1979), 75 Ill. 2d 314, 388 N.E.2d 398. In that case, the school board authorized the use of corporal punishment through a publicized paddling policy. Moreover, the principal testified that the dismissed teacher had been sincere in his

efforts. Under those facts, the court held that the charge of "use of unnecessary and unwarranted physical force" was remediable and required the statutory written notice. In contrast to *Grissom*, the present case involves the administration of corporal punishment in the face of a board rule absolutely prohibiting such conduct. The cause in the present case was clearly irremediable. *Lowe v. Board of Education* (1979), 76 Ill. App. 3d 348, 395 N.E.2d 59.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P. J., and McGILLICUDDY, J., concur.