ANASTASIA LAMBESIS, d/b/a The Cypress Lounge, Plaintiff-Appellant, v. THE TOWN OF CICERO *et al.*, Defendants-Appellees.

First District (4th Division)    No. 87—3413

Opinion filed September 30, 1988.

Thomas J. Condron, of Heineke, Burker, Healy & Bodach, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, for appellee Illinois Liquor Control Commission.

Dennis E. Both, of Cicero, for appellee Town of Cicero.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Anastasia Lambesis, appeals from the decision of the circuit court of Cook County confirming the order of the Illinois Liquor Control Commission, defendant (hereinafter Commission), that refused to renew her liquor license. Plaintiff raises the following issues on appeal: (1) whether the trial court properly determined that the constitutional questions proffered by her were beyond the scope of its review; and (2) whether the Commission's order was against the manifest weight of the evidence.

We affirm.

On June 15, 1987, plaintiff filed an application to renew her Class F liquor license with the Town of Cicero (defendant) to operate her place of business, known as the Cypress Lounge, until 6 a.m. On June 29, 1987, a hearing was held relating to plaintiff's application. Plaintiff's husband, who was also the manager of the Cypress Lounge, two police officers, and a patron testified that the lounge did not provide entertainment. On July 1, 1987, Betty Loren, the local liquor control commissioner (hereinafter local commissioner), issued an order denying plaintiff's application. The order stated that plaintiff's application was denied due to the license's failure to comply with section 4—28(7)(f) of the Cicero Code of Ordinances. (Cicero, Ill., Code of Ordinances ch. 4, par. 4—28(7)(f) (1987).) Section 4—28(7)(f) provides as follows:

> "In the event any place of business issued a Class 'F' license ceases to have entertainment, the Class 'F' license shall be revoked along with all additional privileges given thereunder, and the place of business shall revert back to its original classification of Class 'A' or Class 'A-B' as the case may be."

On August 5, 1987, plaintiff appealed to the Commission, which upheld the local commissioner's order. Subsequently, plaintiff sought administrative review in the circuit court of Cook County. On October 8, 1987, the trial court confirmed the Commission's order. This appeal followed.

Plaintiff's first contention is that the trial court erred in determining that it was without authority to consider her constitutional arguments based on due process and equal protection guarantees. She argues that the Cicero ordinance is vague and ambiguous and therefore unconstitutional. She further claims that she made the above constitutional arguments during her hearing and petition to the Commission; therefore, the issues are a part of the record and reviewable by the trial court.

■ Under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—110), the trial and appellate courts are limited to the record in determining "(1) whether the findings and orders of the commissioner are against the manifest weight of the evidence, and (2) whether the commissioner acted arbitrarily and without cause or in clear abuse of his discretion." *Spiros Lounge, Inc. v. Illinois Liquor Control Comm'n* (1981), 98 Ill. App. 3d 280, 283-84.

■ The trial court properly confirmed the Commission's decision. Neither the Commission nor the local commissioner made any findings of fact or conclusions of law on any constitutional issues. Plaintiff's complaint for administrative review does not include allegations concerning violations of her constitutional rights. Furthermore, no issues relative to the validity or constitutionality of the ordinance in question were raised in plaintiff's pleadings. Plaintiff cannot interject constitutional arguments before the court when they have not been properly pleaded in her complaint or ruled on by the Commission.

> "It is an elementary rule of law that the issues in a case are formed by the pleadings and the allegations and the proof must correspond. A party may not prevail where the proof does not follow the allegations, and conversely where the allegations are not substantiated by any proof." (*Tonchen v. All-Steel Equipment, Inc.* (1973), 13 Ill. App. 3d 453, 467.)

Consequently, the trial court did not err in ordering that it was without authority to consider plaintiff's constitutional arguments.

Plaintiff's second contention is that the Commission's order was against the manifest weight of the evidence. She argues that the Commission's interpretation of the ordinance in question, *i.e.*, what constitutes entertainment, is not related to liquor control.

■ Substantial deference must be accorded to the administrative

558

agency's own interpretation of its rules. (*Rend Lake College Federation of Teachers, Local 3708 v. Board of Community College, District No. 521* (1980), 84 Ill. App. 308, 311.) "Reviewing courts may interfere with the construction and application of regulations only where administrative interpretation is *plainly erroneous.*" (Emphasis in original.) *Rend Lake College Federation of Teachers, Local 3708,* 84 Ill. App. 3d at 311.

Under the Administrative Review Law, the findings of fact and conclusions by the administrative agency are considered *prima facie* true and correct. (Ill. Rev. Stat. 1985, ch. 110, par. 3—110.) For this reason, on review, it is not the proper function of the court to re-weigh evidence or to substitute its judgment for that of the agency. (*Meyers v. Illinois Department of Public Aid* (1983), 114 Ill. App. 3d 288, 291.) The agency's decision must be affirmed unless it is against the manifest weight of the evidence. "[I]n order to reach the conclusion that a particular finding is against the manifest weight of the evidence, this court must be satisfied that an opposite conclusion is clearly evident. [Citation.]" (*Meyers,* 114 Ill. App. 3d at 291.) We are not satisfied.

■ Section 7—5 of the Dramshop Act provides:
  "The local liquor control commissioner may revoke or suspend any license issued by him if he determines that the licensee has violated any of the provisions of this Act or of any valid ordinance or resolution enacted by the particular city council, president, or board of trustees or county board (as the case may be) or any applicable rule or regulations established by the local liquor control commissioner or the State Commission which is not inconsistent with law." (Ill. Rev. Stat. 1985, ch. 43, par. 149.)

The Dramshop Act also states that the local liquor commissioner's authority to revoke shall be for "cause." Although what may be considered "cause" is not defined in the Act, the law is well established that the local commissioner is vested with broad discretionary power in determining the scope of the agency's rules. *Askew v. Daley* (1978), 62 Ill. App. 3d 370, 373.

■ The record here reveals that the local commissioner denied plaintiff's application for a Class F license based on her finding that no entertainment was provided at the lounge, which is a requirement of the Cicero ordinance. There was testimony at the hearing to substantiate the court's finding that no entertainment was provided at the lounge. Contrary to plaintiff's assertion, the Commission found that a jukebox was not the type of entertainment that would satisfy

the requirement of the ordinance. Hence, the Commission's interpretation of the ordinance is not plainly erroneous. Additionally, the findings and conclusions of the Commission were not against the manifest weight of the evidence nor do we find any abuse of discretion by the Commission.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

McMORROW and LINN, JJ., concur.