El Patio, Inc., an Illinois Corporation, Plaintiff-Appellant, v. Illinois Liquor Control Commission, and Loren B. Sackett, Howard S. Cartwright, Members, Joseph J. Schiffman, Secretary, Defendants-Appellees.

Term No. 58–O–2.

Fourth District.

January 31, 1959.

Released for publication February 18, 1959.

Joseph Z. Sudow, and Julian B. Venezky, both of Peoria, and Peyton Berbling, of Cairo, for plaintiff-appellant.

Latham Castle, Attorney General of the State of Illinois (William C. Wines, Raymond S. Sarnow, A. Zola Groves, and Theodore G. Maheras, Assistant Attorneys General, of counsel) for defendants-appellees.

PRESIDING JUSTICE BARDENS delivered the opinion of the court.

This is an appeal from an Order of the Circuit Court of Alexander County which affirmed the revocation of plaintiff's state liquor license by the Illinois Liquor Control Commission. The main contention is that the action of the Commission and the Court was without basis in the evidence.

The action against plaintiff corporation before the Commission was commenced with a Citation and Notice of Hearing under the Illinois Liquor Control Act, Ch. 43, Ill. Rev. Stat. (1955), which alleged that plaintiff permitted certain named individuals to operate a gambling room in connection with its tavern business contrary to the provisions of the Liquor Control Act and Rule 3, as adopted by the Illinois Liquor Control Commission.

At the hearing, evidence was introduced by state police officers that they observed gambling in a room physically connected with plaintiff's main bar room by a 6′ × 6′ passageway easily accessible to patrons of plaintiff; that on a subsequent date they conducted a search of the premises and confiscated certain gambling paraphernalia; and that the individuals in charge of said gambling were subsequently convicted of gambling offenses. The plaintiff's evidence was limited to two leases running to different lessees, one describing a tract of land occupied by the licensee's tavern, and the other tract occupied by the gambling room. This evidence, the licensee urges, clearly establishes that it was in no way connected with or responsible for the gambling activity found by the state police. Further, it is argued, the proceedings before the Commission were contrary to law in various particulars, even if the gambling offense be deemed to have occurred on the licensee's premises.

 The first contention of plaintiff is that the Commission did not establish at the hearing that it had adopted procedural rules governing the conduct

261

of the Citation proceeding as required by statute. Ill. Rev. Stat. (1957) Ch. 43, para. 150. We find in the abstract of the record no evidence directly on the point of the existence or nonexistence of such rules. It would appear from the fact that the Citation was in part based on an alleged violation of "Rule Three adopted by the Illinois Liquor Control Commission," that some rules were then in effect. Furthermore, it is a settled rule that the acts of an administrative body are presumed to be correct and that public officials may be presumed to have properly performed the duties of their office. Retail Liquor Dealers' Protective Ass'n of Illinois v. Fleck, 408 Ill. 219, 226, 96 N.E.2d 556 (involving the Liquor Control Act); Trustees of Schools of Tp. No. 8 v. Lilly, 373 Ill. 431, 440, 26 N.E.2d 489; United States ex rel. Harris v. Ragen, 177 F.2d 303; Dragovich v. Iroquois Iron Co., 269 Ill. 478, 482. This presumption prevails unless the contrary is shown. We must conclude, therefore, that any failure of the agency to adopt rules pursuant to statutory directions must be established by the plaintiff licensee. This it failed to do.

It is next urged that Rule 3 of the Commission is vague, confusing, arbitrary, unconstitutional, and invalid and that it goes beyond the scope of the power given to the Commission. Rule 3 reads as follows:

"1. No person holding a license issued by this Commission shall in the conduct of the licensed business or upon the licensed premises:

"(a) violate any law of the State of Illinois; or

"(b) violate any city, village, town or county ordinance or resolution regulating the sale of alcoholic liquors; or

"(c) suffer or permit a violation of any law of the State of Illinois; or

262

"(d) suffer or permit a violation of the city, village, town or county ordinance or resolution regulating the sale of alcoholic liquors.

"2. After notice to the licensee and hearing, the Commission may revoke or suspend any license for violation of this rule.

"3. Violation of the regulation may be proved by evidence that the licensee has been convicted of a violation of the law of the State of Illinois in the conduct of the licensed business or upon the licensed premises, or has been found guilty of violating any city, village, town or county ordinance or resolution regulating the sale of alcoholic liquors.

"4. Evidence that any person other than the licensee has been convicted of violating a statute of the State of Illinois or found guilty of violating a city, village, town or county ordinance or resolution regulating the sale of alcoholic liquors while upon the licensed premises, shall be prima facie evidence of violation of this rule.

"5. Violation of this rule may also be proved by any other substantial evidence."

 We will not concern ourselves with the assertions directed against the rule which involve constitutional questions as these are beyond our power. The contention that the rule is beyond the scope of the statutory authority arises in connection with par. 4 of the rule which provides that revocation of license may be based upon evidence that any person has been convicted of a violation of statute while upon the licensed premises. Plaintiff argues that this might include a conviction for many statutory offenses having no reasonable connection with liquor control including "Abandonment of Animal" under Chap. 38, par. 144, Ill. Rev. Stat. Paragraph 4 of the rule of course must

263

be given a reasonable construction. This would limit the application of the rule to violations of statutes that are fairly related to liquor control. We think there is no question that statutes prohibiting gambling can reasonably be related to liquor control and plaintiff does not argue to the contrary.

The principal ground relied on by plaintiff on this appeal is that the revocation order is not supported by the evidence, i. e., that the finding that plaintiff permitted the operation of a gambling room and the use of gambling devices in connection with its business is against the manifest weight of the evidence. It is urged that there is not such a showing that the licensee was associated with the gambling found in the adjoining room as would rebut plaintiff's evidence of separate leases covering the tavern and the gambling room. As the plaintiff points out, the only physical connection between the two premises was a common 6′ × 6′ anteroom from which one could go to the gambling room, the tavern, the washroom, or outdoors. However, Police Sergeant Stinson testified as follows: That he was in the premises known as the El Patio at the intersection of Routes U. S. 51 and 3, North of Cairo, Illinois, on March 6, 1957, at about 11:00 P. M., dressed in civilian clothes at the direction of his Captain, accompanied by Sergeant Bramlett. They took a table near the stage, ordered a drink, and after about ten minutes left the table, went to the Northwest corner of the building, through a swinging door just opposite the entrance to the Men's Restroom; and immediately through that door there is another door which enters into the gambling room, and the door was open, and he went into the gambling room. After going through the swinging door, the type of room that he was in was described as more or less a passageway that goes back to the Men's Restroom, and in order to get to the Men's Restroom, there is an open doorway where he

264

saw a crap game in progress. He went into that game room and stood there a few minutes. The stick man, Mr. Allen, turned around to shut the door but Stinson told him it was too late. He showed Allen his star, and the other Sergeant came back, and they confiscated the crap table, black jack table, and the equipment that was in the room. In going through the door that was open, there was nothing to obstruct the view or the passage to the gambling room, and he did not leave the building and go outside at any time.

■ From this evidence we cannot say that the Commission's order and the finding of the Circuit Court are against the manifest weight of the evidence. While physical separation of the gambling and tavern premises and legal separation (as evidenced by two leases) bear on the issue of whether gambling was permitted to operate on the licensed premises, they are not determinative. Ease of accessability to the game room from the tavern and apparent control over such room by one in charge of the tavern upon a search of the premises are equally material. No one factor can be said to establish or disestablish the fact of integration or relationship of the gambling activity with the tavern premises. In each case, the Commission must weigh all the relevant evidence on such issue and draw such inferences and conclusions as naturally flow . therefrom. Having done so, and their respective orders finding substantial support in the evidence, we cannot reach a contrary conclusion.

We therefore conclude that the Order appealed from should be affirmed.

Order affirmed.

CULBERTSON and SCHEINEMAN, JJ., concur.