EDWARD NAPPI, Plaintiff-Appellee, v. THE LICENSE APPEAL COM-
MISSION OF THE CITY OF CHICAGO et al., Defendants-Appellants.

First District (1st Division)    No. 76-690

Opinion filed June 20, 1977.—Rehearing denied July 14, 1977.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and William S. Wigoda, Assistant Corporation Counsel, of counsel), for appellants.

William E. Elston, Jr., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Edward Nappi, appealed to the License Appeal Commission of the City of Chicago from the local liquor control commissioner's order revoking plaintiff's retail liquor license. The commission affirmed the commissioner's order, and plaintiff brought this action in administrative review. After reviewing the record and hearing arguments of counsel, the circuit court of Cook County reversed the commission's order. Defendants appeal. At issue is whether a licensee is responsible for his employee's act which is beyond the scope of the employee's duties and is completely unrelated to the licensee's business.

We affirm.

The record discloses the following pertinent facts. On May 20, 1975, plaintiff operated a tavern, and he employed various persons to work in

his establishment. On that day, one of the employees, a barmaid, was arguing with her husband inside the tavern after he came looking for her. The husband was very angry, threatened the barmaid, and began to approach her in a hostile fashion. She took a gun from her purse, fired several shots at her husband, and one bullet hit him. Based upon evidence of this act, the local liquor control commissioner revoked plaintiff's retail liquor license, finding that the licensee, by and through his agent, the barmaid, knowingly committed an aggravated battery with the use of a deadly weapon. The license appeal commission found that this finding was supported by substantial evidence in the light of the whole record. The circuit court's findings, stated in open court, are as follows:

> "The matter is reversed. It is the court's opinion that the action [of] the barmaid is certainly not chargeable to the owner. It is apparent from the record that the incident which took place was a dispute between husband and wife, the wife being the barmaid. * * * I don't feel that the bar owner, or the tavern owner, could be chargeable with the acts which this barmaid committed * * *."

Defendants appeal.

■■ The local liquor control commissioner may suspend or revoke a liquor license for cause, and the violation of any law, ordinance, or applicable regulation generally constitutes cause. (Ill. Rev. Stat. 1975, ch. 43, pars. 112 and 149; *Weinstein v. Daley* (1967), 85 Ill. App. 2d 470, 229 N.E.2d 357.) Such violations, however, must be of statutes, ordinances, or regulations fairly related to liquor control. (*El Patio, Inc. v. Illinois Liquor Control Commission* (1959), 20 Ill. App. 2d 259, 156 N.E.2d 9.) Such violations committed on the premises include attempted bribery of a police officer, a bartender's discharging of a firearm at a patron during a barroom brawl, gambling, lewd conduct, prostitution, unlawful sale of narcotics, unlawful sale of obscene material, and the sale of liquor to minors. See *Weinstein v. Daley*.

The operation of dramshops is fraught with danger, and the purpose of the Liquor Control Act is to protect the public against that danger by regulating the retail sale of liquor. The legislature, realizing that a licensee may conduct his business through agents and employees, enacted the following section of the Liquor Control Act to ensure the licensee's accountability for violations of the Act:

> "Every act or omission of whatsoever nature constituting a violation of any of the provisions of this Act, by any officer, director, manager or other agent or employee of any licensee, shall be deemed and held to be the act of such employer or licensee, and said employer or licensee shall be punishable in the same manner as if said act or omission had been done or omitted by him personally." (Ill. Rev. Stat. 1975, ch. 43, par. 185.)

The defendants' position is that the barmaid's unlawful act of aggravated battery while shooting her husband should be deemed to be the plaintiff-licensee's act, according to the operation of the statute. We disagree.

■■ As we read section 3 of article X of the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, par. 185), an employee's act may be attributed to his employer, but this necessarily subsumes proof of an employment relationship within the context of the Liquor Control Act. The traditional test is whether the employee's act was committed within the course of employment and in furtherance of the employer's business. The Liquor Control Act's peculiar nature allows that an employee may act beyond the scope and course of his employment, and not in furtherance of his master's business by engaging in conduct inimical to the proper regulation of the sale of liquor at retail. A prime example of this conduct is the employee who engages in activities related to prostitution or gambling while otherwise serving the employer. Such conduct is beyond the course of employment, but the employer shall be deemed to be liable for the conduct nevertheless, so that the regulatory scheme will have meaning and purpose.

The evidence in the instant case demonstrates that the barmaid's act of shooting her husband during a quarrel, in the strict context of this case, was not within the scope and course of her employment, and was not in furtherance of the plaintiff's business. It was a purely personal act. Her husband was not a patron. Under the facts here presented, the offense of aggravated battery was not fairly related to liquor control. The barmaid's act, in our opinion, is not attributable to the plaintiff-licensee.

Accordingly, the judgment of the circuit court of Cook County reversing the order of the License Appeal Commission is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.