HERMAN L. ASKEW, d/b/a Blue Diamond Certified Food and Liquors, Plaintiff-Appellee, *v.* RICHARD J. DALEY, Mayor and Local Liquor Control Commissioner of the City of Chicago, *et al.,* Defendants-Appellants.

First District (2nd Division)   No. 76-1269

Opinion filed July 5, 1978.—Rehearing denied July 27, 1978.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert L. Thompson, Assistant Corporation Counsel, of counsel), for appellants.

Morton Siegel, of Chicago (Allan Goldberg, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

The Local Liquor Control Commissioner of the city of Chicago revoked plaintiff's retail liquor license after finding that plaintiff had violated two city ordinances regulating the sale of retail foods. The License Appeal Commission affirmed the revocation. Plaintiff filed an action for administrative review in the circuit court of Cook County (Ill. Rev. Stat. 1977, ch. 110, pars. 264 through 279) and the circuit court reversed the determination of the License Appeal Commission. Defendants, the Local Liquor Control Commissioner and the License Appeal Commission, appeal.

We reverse.

The sole issue on appeal is whether the Local Liquor Control Commissioner abused his discretion or acted arbitrarily and without cause in revoking plaintiff's liquor license.

Plaintiff held a retail liquor license for the premises at 3726 West Ogden Avenue in the city of Chicago. On said premises plaintiff operated a grocery business and the retail liquor business. On March 23, 1972, plaintiff was served with notice of a hearing to revoke his liquor license

charging that plaintiff had violated provisions of the Municipal Code of Chicago concerning the sale of commodities at false weights or measures. Chicago, Ill., Municipal Code 1971, ch. 100, pars. 12.4 and 29.

A hearing was held before the local liquor commissioner. Mary Reynolds, a consumer service officer for the Department of Consumer Sales, Weights and Measures, testified that she inspected plaintiff's store on January 11, 1972, that she selected 28 items of meat and produce which were preweighed and labeled, that she reweighed the items and found that all but one item weighed less than the amount stated on the labels, and that she issued a citation for short weight on produce and a citation for short weight on meat. Ms. Reynolds stated that plaintiff was subsequently fined on February 23, 1972, for each citation.

Percy Crawford, a consumer service officer for the Department of Consumer Sales, Weights and Measures, testified that he inspected plaintiff's store on February 5, 1972, that he selected 74 items of prepackaged meat, that he reweighed all the items using the only scale in the meat department, and found that all of the items weighed less than the amount stated on the labels. Crawford stated that he issued a citation for short weight on meat and poultry and a citation for failure to affix a meat grading stamp on the meat and poultry. He stated that the charges had not yet been heard by a court. Both witnesses testified that plaintiff was not present when the inspections were made.

Terry Kozen, chief supervisor of the Department of Consumer Sales, Weights and Measures, testified that on May 3, 1972, he appeared in court relative to the charges issued on February 5, 1972, against plaintiff, that there had been a finding of guilty on the charges of short weighing, and that a fine of $1,500 was assessed against plaintiff. The record shows that plaintiff's food purveyor, milk and cigarette licenses were revoked on June 15, 1972.

Plaintiff testified that he was not in the store when the two inspections were made, that his meat manager was in charge in his absence, and that he subsequently fired the manager because another employee told him that the manager was receiving money from suppliers to overlook the short weight deliveries.

Frank Manning, an employee of plaintiff, testified that he questioned the meat manager about the short weights and was told to mind his own business, and that he saw the meat manager receive money from the supplier and he reported the incident to plaintiff.

Based on the evidence the Local Liquor Control Commissioner found that plaintiff by and through his agents committed violations of the short weight ordinance (Chicago, Ill., Municipal Code 1971, ch. 100, par. 29) and the meat grading ordinance. (Chicago, Ill., Municipal Code 1971, ch.

100, par. 12.4.) The Commissioner ordered that the retail liquor license issued to plaintiff be revoked.

Plaintiff appealed to the License Appeal Commission, and the Commission affirmed the revocation. An application for rehearing by the Commission was denied.

Plaintiff filed a complaint for administrative review in the circuit court of Cook County, and the court reversed the order of the License Appeal Commission.

Defendants contend on appeal that the trial court erred in reversing the decision of the liquor commissioner. Defendants argue that there was sufficient cause for revocation based upon plaintiff's violations of the weights and measures ordinance, and that the Commissioner did not act arbitrarily because the violations are reasonably related to the health, safety and welfare of the public. Plaintiff argues that the violations do not constitute sufficient cause for revocation of his liquor license because the weights and measures ordinance is not reasonably related to the sale of liquor.

■■ In an administrative review proceeding the trial court and the appellate court are limited to a consideration of the record to determine: (1) whether the findings and orders of the local commissioner are against the manifest weight of the evidence, and (2) whether the local commissioner acted arbitrarily and without cause or in clear abuse of his discretion. *Daley v. Jack's Tivoli Liquor Lounge, Inc.* (1st Dist. 1969), 118 Ill. App. 2d 264, 254 N.E.2d 814; *Legones v. License Appeal Com.* (1st Dist. 1968), 100 Ill. App. 2d 394, 241 N.E.2d 499.

■■■ Article IV, section 3 of the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, par. 112) authorizes the local liquor commissioner to "revoke for cause all local licenses issued to persons for premises within his jurisdiction." While the Liquor Control Act does not define the term "cause" for revocation, it is established that the commissioner is vested with broad discretionary power to be exercised reasonably. (*Miller v. Daley* (1st Dist. 1973), 14 Ill. App. 3d 394, 302 N.E.2d 347; *Collins v. Daley* (1st Dist. 1970), 131 Ill. App. 2d 108, 266 N.E.2d 453.) Section 5 of article VII of the Act (Ill. Rev. Stat. 1975, ch. 43, par. 149) provides that:

> "The local liquor control commissioner may revoke or suspend any license issued by him if he determines that the licensee has violated any of the provisions of this Act *or of any valid ordinance or resolution enacted by the particular city council,* president, or board of trustees or county board (as the case may be) or any applicable rule or regulations established by the local liquor control commissioner or the State commission which is not inconsistent with law." (Emphasis added.)

Thus, under section 5 the violation of any statute, ordinance or regulation upon the licensed premises generally constitutes cause for revocation. It has been held, however, that this section must be given a reasonable construction, and its application is limited to violations of statutes, ordinances or regulations that are fairly related to the control of liquor. *Nappi v. License Appeal Com.* (1st Dist. 1977), 50 Ill. App. 3d 329, 330, 365 N.E.2d 612; *El Patio, Inc., v. Illinois Liquor Control Com.* (4th Dist. 1959), 20 Ill. App. 2d 259, 263-64, 156 N.E.2d 9.

■■ We find that the Commissioner did not act arbitrarily or without cause in revoking plaintiff's liquor license. The record establishes that plaintiff repeatedly violated the weights and measures and the meat grading ordinances and was deceiving the public. It is not unreasonable to conclude that the unlawful sale of food commodities is fairly related to liquor control. Both the sale of food and the sale of liquor are closely related to the public health and welfare and are subject to strict regulation for the protection of the public. Where there are unlawful sales of food on the same premises where liquor is sold, it is not arbitrary for the local liquor commissioner to conclude that the public needs to be protected as to all areas of the licensee's business.

■■ A liquor license is a purely personal privilege, not a vested property right, and it is subject to legislative restrictions, regulations and control. (*Weinstein v. Daley* (1st Dist. 1967), 85 Ill. App. 2d 470, 229 N.E.2d 357.) The provisions of the Liquor Control Act must be liberally construed to the end that the health, safety and welfare of the public are protected. (Ill. Rev. Stat. 1975, ch. 43, par. 94.) Faced with plaintiff's repeated violations, the Commissioner did not act arbitrarily in revoking plaintiff's license. The record shows that the Commissioner did not abuse his discretion but was acting to protect the health and welfare of the public. Therefore, we find that the circuit court erred in reversing the determination of the License Appeal Commission which had affirmed the order of revocation of the Commissioner.

Accordingly, the order of the circuit court of Cook County is reversed.

Reversed.

DOWNING and BROWN, JJ., concur.