THOMAS ALDEN RYAN, d/b/a Paul's Tap, Plaintiff-Appellee, *v.* RICHARD L. VERBIC, President, Local Liquor Control Commission, *et al.*, Defendants-Appellants.

Second District    Nos. 80-609, 80-626 cons.

Opinion filed June 30, 1981.—Rehearing denied July 30, 1981.

Tyrone C. Fahner, Attorney General, of Chicago, and Erwin W. Jentsch, Corporation Counsel, of Elgin (Karen Konieczy, Assistant Attorney General, of counsel), for appellants.

Van R. Richards, Jr., of Geister, Schnell, Richards and Brown, Chartered, of Elgin, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The Local Liquor Control Commission of the City of Elgin (Local Commission) revoked the liquor license of Thomas Alden Ryan, d/b/a Paul's Tap (Ryan); the Illinois Liquor Control Commission (ILCC) affirmed the revocation; the circuit court on administrative review brought by the plaintiff Ryan reversed and remanded the cause for further proceedings. The Local Commission and the ILCC, defendants, appeal.

The order of the Local Commission was essentially based on its findings that Ryan had been convicted on September 7, 1978, on his plea of guilty in Federal District Court to two felonies under the United States Code (transportation of stolen vehicles and sale and receipt of stolen vehicles) and sentenced to 3 years' probation; that he continued to be on probation at the time of the hearing; and that "until Thomas A. Ryan successfully completes this period of probation as ordered by the U.S. District Court, he will not have been sufficiently rehabilitated to warrant the public trust" and "is ineligible for a retail alcoholic liquor dealer's license as a result of said conviction and continuing period of probation."

The governing statute provides, as pertinent:

"No license of any kind issued by the State Commission or any local commission shall be issued to:

* * *

(4) A person who has been convicted of a felony under any Federal or State law, if the Commission determines, after investigation, that such person has not been sufficiently rehabilitated to warrant the public trust." Ill. Rev. Stat. 1977, ch. 43, par. 120(4).

Defendants essentially contend that based on the record in this case

the Local Commission properly determined that the plaintiff was not sufficiently rehabilitated to warrant the public trust so as to retain his liquor license. This, on the basis of his federal conviction and sentence of probation, the short period of time which had expired between the sentence of probation and the initiation of proceedings before the Local Commission and the dearth of evidence introduced by the plaintiff to establish that he was "sufficiently rehabilitated" within the meaning of the quoted provision of the Liquor Control Act. The Local Commission additionally argues that a person convicted of a Federal felony and serving a period of probation is ineligible to hold a retail alcoholic liquor dealer's license.

■■ First, we reject the argument that a person convicted of a felony, while on probation for that offense, is ineligible as a matter of law to retain a retail alcoholic liquor dealer's license. While no cases have been cited in support of the argument the statute itself clearly shows that the bar is not simply the conviction of a felony but the determination after investigation by the Local Commission that "such person has not been sufficiently rehabilitated to warrant the public trust". Ill. Rev. Stat. 1977, ch. 43, par. 120(4).

■■■ It is well established that neither the trial court nor the reviewing court should disturb the decision of the local liquor control commissioner as long as it is supported by substantial evidence and is neither arbitrary nor contrary to the manifest weight of the evidence. (*Haggerty v. License Appeal Com.* (1979), 71 Ill. App. 3d 767, 769; *Kessell v. Illinois Liquor Control Com.* (1978), 56 Ill. App. 3d 485, 491.) Similarly, the judiciary is not authorized to reweigh the evidence, make an independent determination of the facts or substitute its judgment for that of the administrative agency. *Fitzgerald v. Illinois Liquor Control Com.* (1980), 82 Ill. App. 3d 1018, 1022; *Kessell,* 56 Ill. App. 3d 485, 490-91.

Under the Administrative Review Act, findings of fact by administrative agencies are prima facie true and correct; and the function of the reviewing court is limited to ascertaining whether the findings and decision of the administrative agency are against the manifest weight of the evidence. *Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 471-72.

It is unquestioned that the basic purpose of probation is to provide an offender the opportunity to rehabilitate himself. (*Roberts v. United States* (1943), 320 U.S. 264, 272, 88 L. Ed. 41, 46, 64 S. Ct. 113, 117.) At the time of the initial hearing before the local commission, the plaintiff had completed two months of his three-year probationary period; he had completed seven months of the term at the time the order of revocation was entered, and it is thus evident that the plaintiff had a very short period of time in which to demonstrate to the local commission that he had been sufficiently rehabilitated to warrant the public trust.

Plaintiff argues in this regard that the Local Commission did not conduct an investigation as required by statute. He argues that the Local Commission has the duty to conduct its own investigation of the extent of rehabilitation, which duty is not satisfied by simply presenting the fact of conviction and allowing him to present evidence of rehabilitation. He contrasts the language of the statute involved here with the statute governing revocation of licenses under the Medical Practice Act, which includes as one ground of revocation:

"Conviction in this or another State of any crime which is a felony under the laws of this State or conviction of a felony in a federal court, unless such person demonstrates to the Department that he has been sufficiently rehabilitated to warrant the public trust." Ill. Rev. Stat. 1979, ch. 111, par. 4433(2).

■■ The language in the Liquor Control Act places an affirmative duty to investigate on the Local Commission, whereas the Medical Practice Act appears to place that duty on the person involved. We need not decide the extent of the investigatory burden upon the Local Commission generally, because under the facts of this case, where the hearing was held only two months after plaintiff was placed on probation, a full investigation was not warranted, and allowing plaintiff to present any evidence he had fulfilled the duty of the Local Commission.

Ryan was given notice of the hearing, he was present with counsel and given every opportunity to address the testimony to the question of his rehabilitation. The only testimony produced by the plaintiff was that of three character witnesses who stated that he was honest and had been fair in his dealings with them. The character witnesses, however, were unaware of the felony convictions until the time of the hearing or shortly before the hearing took place. Ryan also relies on evidence that he had held a liquor license for six years without suspension or revocation, including the period from the time he committed the Federal offenses in July of 1973 until the date of his convictions in September of 1978. However, the defendants could well conclude that the fact Ryan had taken no affirmative action to rectify his unlawful conduct during a period of five years and until charged precluded him from claiming that he had become rehabilitated during this period.

Upon administrative review in the circuit court, the plaintiff informed the judge by sworn affidavit dated March 17, 1980, that his probation had been terminated by the United States District Court on December 12, 1979. Upon receipt of this information the trial judge remanded the cause to the Local Commission for a hearing to determine whether the plaintiff had been sufficiently rehabilitated. However, the review under the Administrative Review Act was limited to the record before the administrative bodies. The later termination of probation

could therefore not be a consideration by the trial court in rendering its decision on administrative review. Ill. Rev. Stat. 1977, ch. 110, par. 274.

We therefore conclude that the Local Commission satisfied its investigatory burden under the statute, given the circumstances of this case, that its determination that the plaintiff was not sufficiently rehabilitated to warrant the public trust was not arbitrary, an abuse of discretion or contrary to the manifest weight of the evidence, and that the trial court erred in reversing the revocation decisions of the local and State commissions and in remanding the cause to the Local Commission for further proceedings. We therefore reverse the judgment of the trial court and reinstate the orders of the Local Liquor Control Commission and the Illinois Liquor Control Commission.

Reversed.

LINDBERG and VAN DEUSEN, JJ., concur.