CHARLES S. LEONG, d/b/a Leong's Restaurant, Plaintiff-Appellant, v. THE VILLAGE OF SCHAUMBURG *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—89—0721

Opinion filed January 16, 1990.

Kamenear, Kadison & Anderson, of Chicago (Steven J. Kadison and Thomas M. Craig, of counsel), for appellant.

Jack M. Siegel, of Chicago, for appellees.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

In this appeal of the order of the circuit court pursuant to administrative review, plaintiff Charles S. Leong, d/b/a Leong's Restaurant, challenges the revocation of his liquor license. The issues raised are: (1) whether the decision of the local liquor commissioner was against the manifest weight of the evidence or contrary to law; (2) whether the finding that plaintiff had been convicted of a crime opposed to decency and morality was contrary to law; (3) whether the Village of Schaumburg (the Village) waived its right to revoke plaintiff's 1988 liquor license; and (4) whether plaintiff received a full, fair, and impartial hearing.

Since 1970, plaintiff has held a liquor license, issued by the Village, for the sale of alcoholic beverages at Leong's Restaurant. On March 19, 1982, a search warrant was executed in plaintiff's restaurant by the Criminal Investigation Division of the Internal Revenue Service and evidence of gambling was recovered. In April 1982, Kenneth Alley, then a lieutenant in charge of criminal investigation

for the Schaumburg police department, warned plaintiff that he had crossed the line in dealing with organized crime and that he had to cease any gambling operations or jeopardize his license and his livelihood. The undisputed evidence, however, was that from 1982 until mid-1986, plaintiff permitted his restaurant to be used for gambling.

On February 26, 1987, a Federal grand jury indictment was returned against plaintiff. On July 2, 1987, he pleaded guilty to the felony offense of participating in the operation of an illegal gambling business which had gross revenues of at least $2,000 on any single day and continued in operation for more than 30 days, in violation of 18 U.S.C. section 1955 (1988). He also pleaded guilty to the misdemeanor charge of failing to pay a special occupational tax, in violation of 26 U.S.C. section 7203 (1982). On August 25, 1987, the United States District Court placed plaintiff on probation for five years and imposed a $5,000 fine for the latter offense. The sentence on the felony charge was suspended. Plaintiff paid the fine and has complied with the conditions of probation.

In December 1987, after the Village provided plaintiff a liquor license renewal form which was duly signed and returned with the appropriate fee, plaintiff was issued a liquor license for calendar year 1988.

On May 25, 1988, Al Larson, the Village president and local liquor commissioner (the commissioner), advised plaintiff by letter that, pursuant to State laws (see Ill. Rev. Stat. 1987, ch. 43, pars. 120(4), (11)), his liquor license for 1988 was null and void. After police officers physically removed the liquor license from his premises, plaintiff obtained a temporary restraining order enjoining the Village and the commissioner from revoking his liquor license. On June 21, 1988, a permanent injunction, which enjoined the revocation of plaintiff's license without a hearing, was issued.

On June 22, 1988, the commissioner issued a notice that a hearing would be held on June 30, 1988. The notice informed plaintiff that he was not eligible for a liquor license under section 120(4) of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1987, ch. 43, par. 120(4)) and that he was disqualified from holding a liquor license in the Village under the Village code. Village of Schaumburg, Ill., Municipal Code §§3–24(b), (f), (g), (h).

A public hearing was held on June 30, July 7 and July 11, 1988, during which the Village presented evidence of the 1982 search, the conversation between plaintiff and Lt. Alley, and the gambling convictions. Plaintiff testified in his own behalf and presented 18 character witnesses, who testified concerning his reputation and rehabilitation.

Additionally, plaintiff introduced a petition containing 301 signatures attesting to his good reputation in the community and to the belief that he was an asset in the Village.

On July 21, 1988, the commissioner revoked plaintiff's liquor license, finding: that plaintiff had been convicted of a felony and had not been sufficiently rehabilitated to warrant the public trust (Ill. Rev. Stat. 1987, ch. 43, par. 120(4)); that plaintiff was not of good character and reputation in the community in which he resided (Village of Schaumburg, Ill., Municipal Code §3—24(b)); and that plaintiff had been convicted of a crime opposed to morality (Village of Schaumburg, Ill., Municipal Code §3—24(f)). The remaining charges were not proved. On November 3, 1988, the Illinois Liquor Control Commission affirmed the revocation and found that the commissioner's order was supported by the findings and that the findings were supported by substantial evidence. A subsequent petition for rehearing was denied.

Plaintiff filed a complaint for administrative review in the circuit court of Cook County. On March 14, 1989, the court affirmed the decision of the commissioner and the State Commission. Plaintiff appeals that decision.

I

Plaintiff contends that the decision of the commissioner was against the manifest weight of the evidence and contrary to law because the commissioner's findings of fact were not supported by the evidence. In support of his contention, plaintiff argues that: (a) the commissioner failed to conduct an investigation of plaintiff's rehabilitation pursuant to the mandate of Illinois law; (b) the finding that plaintiff was not sufficiently rehabilitated to warrant the public trust was arbitrary, an abuse of discretion, and against the manifest weight of the evidence; and (c) the finding that plaintiff was not of good character and of good reputation in his community was arbitrary, an abuse of discretion, and against the manifest weight of the evidence.

■ In an administrative review proceeding, the circuit court and the appellate court are limited to a consideration of the record to determine whether the findings and orders of the commissioner are against the manifest weight of the evidence, and whether the commissioner acted arbitrarily and without cause or in clear abuse of his discretion. (*Spiros Lounge, Inc. v. Illinois Liquor Control Comm'n* (1981), 98 Ill. App. 3d 280, 284, 423 N.E.2d 1366.) The findings and conclusions of the administrative agency on questions of fact are accepted as *prima facie* true and correct (Ill. Rev. Stat. 1987, ch. 110, par. 3—110), and courts have generally held that it is not the function

of either the circuit court or the appellate court to reweigh the evidence or assess the credibility of the witnesses. *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085; *Crazy Horse, Inc. v. Byrne* (1981), 97 Ill. App. 3d 434, 422 N.E.2d 1074.

■ In order to find that an agency's findings are contrary to the manifest weight of the evidence, the reviewing court must determine that an opposite conclusion was clearly evident from the record. (*Spiros Lounge, Inc. v. Illinois Liquor Control Comm'n* (1981), 98 Ill. App. 3d 280, 284, 423 N.E.2d 1366.) If there is any evidence in the record that supports an administrative agency's decision, that decision is not contrary to the manifest weight of the evidence and must be sustained on judicial review. (*Lipsey v. Human Rights Comm'n* (1987), 157 Ill. App. 3d 1054, 510 N.E.2d 1226; *Fagiano v. Police Board* (1984), 123 Ill. App. 3d 963, 974, 463 N.E.2d 845.) The court, however, is not relieved of its duty to examine the evidence in an impartial manner and to set aside an order unsupported in fact. *Dugan's Bistro, Inc. v. Daley* (1977), 56 Ill. App. 3d 463, 467, 371 N.E.2d 1116.

■ Under the Liquor Control Act (Ill. Rev. Stat. 1987, ch. 43, par. 93.9 *et seq.*), local commissioners have considerable discretion in revoking liquor licenses, if good cause is shown. (*Spiros Lounge, Inc. v. Illinois Liquor Control Comm'n* (1981), 98 Ill. App. 3d 280, 284, 423 N.E.2d 1366; *Askew v. Daley* (1978), 62 Ill. App. 3d 370, 379 N.E.2d 75.) A violation of any statute, ordinance, or regulation fairly related to the control of liquor, upon liquor-licensed premises, generally constitutes cause for revocation of a license. (*Spiros Lounge, Inc. v. Illinois Liquor Control Comm'n* (1981), 98 Ill. App. 3d 280, 284, 423 N.E.2d 1366; *Nappi v. License Appeal Comm'n* (1977), 50 Ill. App. 3d 329, 330, 365 N.E.2d 612.) In this case, although plaintiff was found to have violated one statute and two ordinances, any one violation would constitute cause to revoke his liquor license.

A

Plaintiff argues that the commissioner failed to conduct an investigation, as mandated by Illinois law, regarding plaintiff's rehabilitation. (Ill. Rev. Stat. 1987, ch. 43, par. 120(4).) The Village maintains that an adequate investigation was made by the commissioner. We agree.

■ The Liquor Control Act provides that a person is ineligible for a liquor license when

"[he] has been convicted of a felony under any Federal or State law, if the Commission determines, after investigation,

that such person has not been sufficiently rehabilitated to warrant the public trust." (Ill. Rev. Stat. 1987, ch. 43, par. 120 (4).) That language places an affirmative duty on the local commission to conduct an investigation concerning rehabilitation. (*Ryan v. Verbic* (1981), 97 Ill. App. 3d 739, 742, 423 N.E.2d 534.) When the period for rehabilitation between the conviction and the hearing is brief, however, the investigatory burden imposed by the statute may be satisfied by allowing the plaintiff to present evidence concerning rehabilitation at the hearing. *Ryan v. Verbic* (1981), 97 Ill. App. 3d 739, 742, 423 N.E.2d 534.

In this case, the commissioner conducted an investigation regarding the extent of plaintiff's rehabilitation by examining police records and consulting with police officers and legal counsel. Because of the short period of time between plaintiff's felony conviction and the administrative hearing, there was no need for an extensive investigation for signs of rehabilitation. At the hearing, held only 10 months following plaintiff's conviction, plaintiff was afforded an opportunity to present evidence concerning his rehabilitation. We conclude that the commissioner met his investigatory burden when he conducted an investigation and plaintiff was allowed to present evidence of his rehabilitation at the hearing. Ill. Rev. Stat. 1987, ch. 43, par. 120(4); *Ryan v. Verbic* (1981), 97 Ill. App. 3d 739, 423 N.E.2d 534.

B

Plaintiff next contends that the Village improperly shifted the burden of proof of rehabilitation to him and that the commissioner's finding that he was not sufficiently rehabilitated to warrant the public trust was arbitrary, an abuse of discretion, and against the manifest weight of the evidence. We disagree.

Contrary to plaintiff's assertion that the Village erroneously shifted the burden of proof of rehabilitation to him, the Village presented substantial evidence from which the commissioner could have concluded that plaintiff was not rehabilitated.

The record shows that the commissioner considered evidence that plaintiff pleaded guilty to the Federal charges and had thus far complied with his probation. Witnesses who testified on behalf of plaintiff stated that plaintiff was rehabilitated because he was sorry for what he did. When asked to describe actions of plaintiff which demonstrated rehabilitation, many witnesses testified that his actions, characterized as "good," had not changed following his conviction. It was reasonable for the commissioner to conclude that this testimony failed to show rehabilitation.

Furthermore, although the evidence showed that plaintiff ceased his gambling involvement in 1986, many months before his indictment, the evidence also showed that he continued to engage in gambling on the licensed premises for four years following the search in 1982 and after he had been warned that the operation would endanger his liquor license. Additionally, it was not unreasonable for the commissioner to conclude that 10 months served on a five-year probation sentence was an inadequate time for plaintiff to demonstrate sufficient rehabilitation to warrant the public trust. That the violation occurred on the licensed premises was also a proper consideration. (*Ryan v. Verbic* (1981), 97 Ill. App. 3d 739, 423 N.E.2d 534; *Nappi v. License Appeal Comm'n* (1977), 50 Ill. App. 3d 329, 330, 365 N.E.2d 612.) It was, therefore, not arbitrary nor an abuse of discretion nor against the manifest weight of the evidence for the commissioner to conclude, from all the facts and circumstances, that, at the time of the hearing, plaintiff had not yet been rehabilitated enough to warrant the public trust. *Spiros Lounge, Inc. v. Illinois Liquor Control Comm'n* (1981), 98 Ill. App. 3d 280, 284, 423 N.E.2d 1366; *Ryan v. Verbic* (1981), 97 Ill. App. 3d 739, 743, 423 N.E.2d 534.

## C

Plaintiff contends that the finding by the commissioner that he was not of good character and was not of good reputation in his community was arbitrary, an abuse of discretion, and unsupported by substantial evidence in the record. We agree that the Village failed to establish that plaintiff did not have a good reputation.

▮ The Village was required to prove by substantial evidence that plaintiff lacked both good character and good reputation in the community (Village of Schaumburg, Ill., Municipal Code §3—24(b)). Although the commissioner could consider all the evidence and properly conclude that, for reasons already discussed, plaintiff did not have good character, he could not then have assumed that, therefore, plaintiff did not have a good reputation in the community. No evidence was introduced by the Village from which the commissioner could have found that plaintiff did not have a good reputation. In fact, plaintiff presented many reputation witnesses and the record shows that plaintiff had a good reputation in the community. Therefore, the commissioner's finding that plaintiff did not have a good reputation in the community was against the manifest weight of the evidence. *Dugan's Bistro, Inc. v. Daley* (1978), 56 Ill. App. 3d 463, 467, 371 N.E.2d 1116.

## II

Plaintiff argues that the commissioner's finding that plaintiff had been convicted of a crime opposed to decency and morality was contrary to law. He contends that illegal gambling is not a crime involving pandering or other sexual violations and, therefore, is not a violation of the statute. The Village maintains that violation of Federal gambling laws was a conviction of a crime or misdemeanor opposed to morality.

Plaintiff urges this court to adopt a limited definition of crimes opposed to decency and morality. He asserts that because the liquor control statute in question refers to "pandering or other crime or misdemeanor opposed to decency and morality" (Ill. Rev. Stat. 1987, ch. 43, par. 120(6)), the specific use of the crime of pandering in the liquor control statute is to illustrate and limit the type of crimes that the Illinois General Assembly intended to render a person ineligible for a liquor license. He maintains, under the *ejusdem generis* rule of statutory construction, "where general words follow the enumeration of a particular class of thing, the general words which follow should be construed as applicable only to things of the same general nature or class as those enumerated." He therefore concludes that the phrase "or other crime or misdemeanor opposed to decency and morality" must be confined to the same type of crime as pandering. (See *United States v. Prater* (7th Cir. 1975), 518 F.2d 817, 819.) Finally, plaintiff argues, since conviction of a gambling offense renders a person ineligible for a liquor license under a separate section of the State statute (Ill. Rev. Stat. 1987, ch. 43, par. 120(16)), the legislature must not have intended the phrase "or other crime or misdemeanor opposed to decency and morality" to also include gambling.

■ However, the charge against plaintiff was that he violated the Village code (Village of Schaumburg, Ill., Municipal Code §3—24(f)) and not the State statute. The language in the Village code is identical to that in the State statute, but in the Code there is no separate section concerning conviction of a gambling offense. The code states that a person is ineligible for a license if

> "[he] has been convicted of pandering or other crime or misdemeanor opposed to decency and morality." (Village of Schaumburg, Ill., Municipal Code §3—24(f).)

As the Village asserts, gambling is one of those types of crimes which the courts have recognized as a justification for the revocation of a liquor license. (See *Miller v. Liquor Control Comm'n* (1969), 44 Ill. 2d 155, 158, 254 N.E.2d 502; *El Patio, Inc. v. Illinois Control Comm'n* (1959), 20 Ill. App. 2d 259, 156 N.E.2d 9.) Although the cases do not

construe the section referring to decency and morality, the commissioner's determination that gambling is a crime opposed to morality is not an arbitrary construction of the ordinance, especially since concern about gambling is fairly related to liquor control. See, *e.g.*, *Nappi v. License Appeal Comm'n* (1977), 50 Ill. App. 3d 329, 330, 365 N.E.2d 612; *Weinstein v. Daley* (1967), 85 Ill. App. 2d 470, 482, 229 N.E.2d 357; *El Patio, Inc. v. Illinois Liquor Control Comm'n* (1959), 20 Ill. App. 2d 259, 263-65, 156 N.E.2d 9.

## III

Plaintiff contends that the Village waived its right to revoke his 1988 liquor license because it issued the license to him knowing that he had been convicted of a felony. The Village maintains that neither waiver nor estoppel exists in the instant case.

■ We disagree with plaintiff's contention. The doctrine of waiver is based upon the principle that one may dispense with something of value by a voluntary act done with full knowledge of the rights involved and with an intention to relinquish those rights. (*Gras v. Clark* (1977), 46 Ill. App. 3d 803, 808, 361 N.E.2d 316.) Here, the Village clerk sent out liquor license renewal forms to all establishments that had licenses the prior year. Plaintiff signed and returned his form. The ministerial renewal of a license, even with the commissioner's signature prior to the completion of his investigation, did not constitute the Village's knowing relinquishment of its right to revoke plaintiff's liquor license. Furthermore, a hearing, the method eventually employed by the Village, was the only manner in which a license could be revoked.

## IV

Plaintiff maintains that he did not receive a full, fair, and impartial hearing because the commissioner was not an impartial hearing officer. He contends that not only was improper evidence a basis for the commissioner's decision, but the commissioner had made a decision prior to the hearing to revoke plaintiff's license.

Indeed, prior to the court's order to conduct a hearing on the matter of revocation, the commissioner had determined that the liquor license was void because of provisions of the Liquor Control Act. This was clearly a misapprehension of the law. Following the court's directives, however, a proper hearing was held according to law.

■ The record reveals that the commissioner was attentive to plaintiff's position and conducted a full and fair hearing, that plaintiff was represented by able counsel, that he had full right of cross-exami-

nation, and that he had ample opportunity to present evidence and exhibits. Substantial evidence of only one charge was necessary to revoke or suspend plaintiff's liquor license. (See *Soldano v. Illinois Liquor Control Comm'n* (1985), 131 Ill. App. 3d 10, 15, 475 N.E.2d 560.) The commissioner considered all the facts and circumstances, and the record supports his findings and conclusion that substantial evidence existed to revoke plaintiff's license. Plaintiff received a fair hearing.

For all the foregoing reasons, the circuit court's affirmance of the decision of the commissioner and the State Commission is affirmed.

Affirmed.

SCARIANO and CAMPBELL, JJ., concur.