RUSSELL HANSON *et al.*, d/b/a Senior's and Junior's Sportsman's Bar, Plaintiffs-Appellants, v. THE ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellee.

Second District No. 2—89—1368

Opinion filed August 29, 1990.

Paul E. Gaziano, of Rockford, and Mary Robinson, of Robinson & Skelnik, of Elgin, for appellants.

Neil F. Hartigan, Attorney General, of Springfield, and Roger T.

Russell, State's Attorney, of Belvidere (Daniel N. Malato, Assistant Attorney General, of Chicago, and Carol J. Barlow, Assistant Attorney General, of Springfield, of counsel), for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiffs, Russell and Audrey Hanson, d/b/a Senior's and Junior's Sportsman's Bar, appeal from the decision of the trial court affirming the order of the Illinois Liquor Control Commission (Commission) upholding the revocation of their liquor license by the City of Belvidere. The plaintiffs have raised two issues on appeal: first, whether the Commission's finding that the individual who sold a controlled substance in the plaintiffs' tavern was an agent or employee of the plaintiffs was against the manifest weight of the evidence; and, second, whether the sanction of revocation imposed on the plaintiffs was unduly harsh and an abuse of discretion. On appeal, the Commission has for the first time raised the issue of whether the trial court had jurisdiction over the the action for administrative review because of the plaintiffs' failure to name a necessary party, the City of Belvidere (City), in its complaint.

The plaintiffs' liquor license was revoked by the liquor control commissioner of the City on April 6, 1989, following a hearing. The plaintiffs appealed to the Commission. A *de novo* hearing was held on June 7, 1989, before the Commission. The City presented the testimony of only one witness, Gary Cooper. Cooper testified that he is an employee of the Illinois State Police, Department of Criminal Investigations. He stated that he was in the plaintiffs' bar on October 14, 1988. That evening, he was introduced to John Wirth III and observed him entering and exiting the bar and exchanging small folded packets of what appeared to be paper for United States currency. Cooper later discussed the purchase of cocaine with Wirth and, through an unidentified third person, exchanged money for a small folded packet of paper which looked similar to the ones he had earlier seen Wirth pass in the bar. The exchange took place in the bar. That evening, Wirth told Cooper that he was related to people involved in the bar.

Cooper testified that he was also at the bar on October 17, 1988. On that occasion, Wirth was behind the bar serving drinks to patrons of the bar. Wirth served a drink to Cooper, and Cooper paid him for the drink. Wirth told him that Mrs. Hanson had asked him to fill in that night. Cooper again discussed the purchase of cocaine with Wirth and exchanged $50 for a small folded packet of paper.

Cooper stated that he was again at the plaintiffs' bar on November 21, 1988, and observed Wirth seated at a table just inside the bar. Cooper joined him at the table and purchased a folded packet of paper from Wirth for $50. The contents of all three packets purchased from Wirth tested positive for cocaine. Cooper stated that the plaintiffs were present at the bar on the occasion when he was seated at the table and that he thought Mrs. Hanson was there at least some of the time on October 14 and October 17.

The plaintiffs testified that they own a 70% interest in the bar and their three children own the remaining 30%. The bar has been in business for 5½ years, and they had not previously had any charges brought against them by the local liquor commission. There were only three employees of the bar, the plaintiffs and their son, Ricky. The plaintiffs' regular hours of work were 9 a.m. to 5 p.m. Ricky was frequently in charge of the bar in the evening and was present at the bar the evenings of October 14 and October 17.

Wirth is Mrs. Hanson's nephew. The plaintiffs stated that he was not an employee of the bar and had never been on the payroll. They testified that Wirth only worked behind the bar for two hours on one occasion during the summer of 1988 and was paid in cash. Mrs. Hanson stated that he did not work at the bar at night but admitted that she did not know if Ricky ever allowed Wirth to work behind the bar at night when she was not there. Mr. Hanson testified that no one would be shocked if Wirth was behind the bar since he was related to the family and that he cut through the back side of the bar several times.

The plaintiffs testified that it was their policy that controlled substances or drugs were not allowed in the bar. The plaintiffs had never observed drugs or a narcotics transaction at the bar. They admitted that Ricky had been indicted for the sale of cocaine which allegedly took place at the bar.

Following the hearing, the Commission entered an order finding, in pertinent part:

"That on October 14, 1988, one John L. Wirth, an agent or employee of the Licensee, sold a controlled substance, to-wit, cocaine, to one Special Agent J. Gary Cooper, in violation of Sections 111.98(a)(4), (5), and 111.98(c) of the Code of Ordinances of the City of Belvidere, Section 401(b)(2) and/or (c), paragraph 1401(b)(2) and/or (c), of the Illinois Controlled Substances Act (Ill. Rev. Stat. ch. 56½, par. 1100 *et seq.*, 1987), and Section 100.30 of the Rules and Regulations of this Commission."

The Commission then affirmed the order of the liquor control commis-

sioner of the City revoking the plaintiffs' liquor license. The plaintiffs filed a timely petition for rehearing which the Commission denied in an order which was served on the plaintiffs on August 11, 1989.

The plaintiffs filed their complaint for administrative review on September 11, 1989. The original complaint contained in the record named both the Commission and the City as defendants in the caption. However, while the remainder of the complaint was typewritten, the name "City of Belvidere" was handwritten. Summons in the form provided by Supreme Court Rule 291 (107 Ill. 2d R. 291) was served on the Commission by the clerk of the court by certified mail on September 15, 1989. A regular law division summons was personally served on Mayor Patrick Murphy, the mayor of the City, on September 13, 1989. The summons did not name the City as a defendant. An attorney's appearance was filed September 14, 1989, on behalf of the City.

Following a hearing on October 25, 1989, at which all parties were present, the trial court entered an order affirming the decision of the Commission. This appeal followed.

The Commission contends that the case should be remanded to the circuit court for a hearing on the issue of whether the circuit court had jurisdiction to decide this case. The Commission, citing *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, argues that the circuit court lacked jurisdiction over the plaintiffs' complaint for administrative review because the City, a necessary party to the action, was not named in the complaint. The Commission attached to its brief a copy of the complaint served on it which does not list the City as a defendant. The Commission also relies on the facts that the City was not named on the summons served on the mayor, on subsequent motions and pleadings filed by the plaintiffs or on their original notice of appeal.

The plaintiffs respond by arguing that the record shows that all parties were named and served, that the Commission cannot properly rely upon facts which do not appear of record and that any defects in the summons issued to the mayor were waived by the general appearance filed by the City.

■■■ The Commission is correct that review under the Administrative Review Law (Act) (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*) can be obtained only by strict compliance with the the procedures established by the statute. (See *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 353 ("[s]ince the [Act] is a departure from common law, the procedures it establishes must be strictly adhered to in order to justify its application").) Section 3—107 of the Act requires

that "all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency \*\*\* be made defendants." (Ill. Rev. Stat. 1989, ch. 110, par. 3—107.) The record does show, however, that the City was named as a defendant on the complaint. The City's name was added in handwriting to the complaint, and the City was a party to all subsequent proceedings before the trial court. The fact that the complaint served on the Commission did not list the City as a defendant cannot be considered by this court, as matters outside the record cannot be considered on appeal. *Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 585.

■ A more difficult problem is presented by the fact that the summons the plaintiffs served on the mayor did not comply with the requirements of the Act. (Ill. Rev. Stat. 1989, ch. 110, pars. 3—103, 3—105; see also *Wilson v. Regional Board of School Trustees* (1989), 179 Ill. App. 3d 485; *Leghorn v. Kraft, Inc.* (1988), 172 Ill. App. 3d 311; *Ellis v. Miller* (1983), 119 Ill. App. 3d 579.) The plaintiffs' argument that any defect in service has been waived by the City's filing of a general appearance is not persuasive. The issue is whether the trial court was barred from hearing the case under the Act because of the plaintiffs' failure to follow precisely the Act's requirements pursuant to section 3—102 of the Act (Ill. Rev. Stat. 1989, ch. 110, par. 3—102), not whether the court had personal jurisdiction over the City.

■ The statute's requirements regarding issuance of summons, however, are mandatory, not jurisdictional. (See *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 355.) Since this issue is not jurisdictional and was not raised by the Commission in the trial court, it cannot be considered on appeal. See *Barnes v. Brown* (1990), 193 Ill. App. 3d 604, 610; *Nugent v. Miller* (1983), 119 Ill. App. 3d 382, 387.

The plaintiffs first argue on appeal that the Commission's findings were against the manifest weight of the evidence so that its order should be reversed. The plaintiffs' major contention is that the evidence presented at the hearing failed to establish that John Wirth was an agent or employee of the plaintiffs. They concede that the evidence showed that an agency relationship may have existed with Wirth on October 17, 1988, because Wirth was observed working behind the bar that evening. They argue that this evidence should not be considered, however, because the Commission only found that Wirth had engaged in the sale of a controlled substance on October 14, 1988. The plaintiffs, citing *Daley v. License Appeal Comm'n* (1964), 54 Ill. App. 2d 265, urge that only the evidence regarding October 14 can be considered in determining the existence of an employer-employee or agency relationship and contend that there was no

evidence of such a relationship on that date.

■■ ■ It is well established that the findings of an administrative agency on questions of fact are *prima facie* true and correct, and a reviewing court may set aside such findings only if they are against the manifest weight of the evidence. (*Lake County Contractors Development Association, Inc. v. North Shore Sanitary District* (1990), 198 Ill. App. 3d 31, 39; *Leong v. Village of Schaumburg* (1990), 194 Ill. App. 3d 60, 64.) Courts have generally held that it is not the function of either the circuit court or the appellate court to reweigh the evidence (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 391) or assess the credibility of the witnesses (*Leong v. Village of Schaumburg* (1990), 194 Ill. App. 3d 60, 65). If there is any evidence in the record that supports an administrative agency's decision, that decision is not contrary to the manifest weight of the evidence. *Leong,* 194 Ill. App. 3d at 65.

■■ The plaintiffs do not dispute that under section 10—3 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1989, ch. 43, par. 185), they are accountable for the actions of their agents or employees. (See *Soldano v. Illinois Liquor Control Comm'n* (1985), 131 Ill. App. 3d 10, 14; *Maldonado v. License Appeal Comm'n* (1981), 100 Ill. App. 3d 639, 640-41.) The question before this court, then, is whether the Commission's finding that Wirth was an agent or employee of the plaintiffs so that they could be held accountable for his actions was against the manifest weight of the evidence.

■■■ The plaintiffs' argument that only Wirth's actions on October 14, 1988, can be considered based on *Daley v. License Appeal Comm'n* (1964), 54 Ill. App. 2d 265, is not persuasive. In *Daley,* the commissioner made no finding on seven of the eight charges brought against the liquor license. The court held that testimony regarding those seven charges could not be considered in determining if the revocation was proper as it was evident from the lack of findings on those charges that the commissioner found no substantive or credible evidence to support those charges. The situation here is distinguishable. The Commission found that Wirth committed a violation of the cited ordinances and statutes on October 14, 1988, and also found generally that Wirth was an agent or employee of the plaintiffs. We hold that all of the evidence presented at the hearing may be considered in our determination of whether the finding that Wirth was an agent or employee was against the manifest weight of the evidence.

Cooper's testimony was that he observed Wirth behind the bar serving drinks to patrons of the bar on October 17, 1988. Cooper stated that Wirth served him a drink and he paid Wirth for the drink.

Although plaintiffs testified that Wirth was not their employee, they did admit that Wirth had worked in the bar on one occasion during the summer of 1988, and Mrs. Hanson admitted that she did not know if her son Ricky, who was frequently in charge of the bar in the evening, ever allowed Wirth to work behind the bar when she was not there. Evidence was presented that Ricky had been indicted for the sale of cocaine which allegedly took place at the bar. Mr. Hanson stated that no one would be shocked if Wirth was behind the bar as he was related to the family and he cut through the backside of the bar several times.

■■■ The performance of work by one party is *prima facie* evidence of employment and, in the absence of contrary evidence, supports a presumption that the person is a servant. (*Byrne v. Stern* (1981), 103 Ill. App. 3d 601, 605; *Maldonado v. License Appeal Comm'n* (1981), 100 Ill. App. 3d 639, 641.) While plaintiffs are correct that they did present contrary testimony, the same was true in *Maldonado*. There, the court held that the testimony of a police officer that a woman named Mary Jackson was behind the bar, served him a drink and put his money in the cash register while the owner was also behind the bar was sufficient to establish that she was an employee of the bar. The court reached this conclusion despite the testimony of the bar owner that he did not know anyone by that name and did not have an employee named Mary Jackson. His wife also testified that she did not know a Mary Jackson.

In this case, there was testimony that Wirth was seen behind the bar serving drinks on October 17, 1988. There was also testimony that Mrs. Hanson was present at the bar on that evening.

The case of *Anderson v. Illinois Liquor Control Comm'n* (1982), 105 Ill. App. 3d 924, is also helpful. In that case, a police officer testified that he purchased heroin from an individual inside the plaintiff's bar. Testimony that the individual was seen behind the bar working on a cooler on at least four occasions and that the individual had a key to the bar when arrested was found sufficient to show that he was an agent of the plaintiff. In this case, there was testimony that Wirth was seen working behind the bar and had worked behind the bar on one other occasion. He also had access to the back of the bar. While there was also testimony in *Anderson* that the plaintiff was aware of and condoned the sale of the controlled substance, evidence which does not exist here, *Anderson* does indicate that employee-type activities on just a few occasions can be sufficient to find an agency relationship.

The plaintiffs have cited cases setting out various factors to be

considered in determining if an individual is an employee. They have not cited any cases, however, where those factors have been considered for purposes of determining a person's employee status under the Liquor Control Act. The plaintiffs also argue that the evidence of Ricky's indictment should not be considered, citing *People v. Thomas* (1983), 111 Ill. App. 3d 451, 454. That case, however, dealt only with the proof that can be considered in a sentencing determination and is not applicable to this case. In any event, the evidence here is sufficient without considering that testimony.

■■■ Based on *Maldonado* and *Anderson*, and considering the plaintiffs' concession that the evidence showed that an agency relationship may have existed on October 17, 1988, we cannot say that the Commission's finding that Wirth was an agent or employee of the plaintiffs was against the manifest weight of the evidence.

The plaintiffs next contend that the sanction of revocation was unduly harsh under the circumstances of this case and should be vacated. They argue that there was no evidence that they had any knowledge of the sale of the controlled substance in their tavern or that they participated in or approved of such sale. They also point out that they had never previously been cited for violations of any type. Plaintiffs cite *Byrne v. Stern* (1981), 103 Ill. App. 3d 601, and *Soldano v. Illinois Liquor Control Comm'n* (1985), 131 Ill. App. 3d 10. In both *Byrne* and *Soldano*, revocation was found to be an abuse of discretion based on the licensees' long prior history of operating a liquor business (33 and 40 years, respectively) with no previous charges of license violations. The court in *Byrne* also noted that there was no evidence to show that the licensee had prior personal knowledge of the violation by his employee.

■■■ A violation of any statute, ordinance, or regulation fairly related to the control of liquor, upon liquor-licensed premises, generally constitutes cause for revocation of a license. (*Leong v. Village of Schaumburg* (1990), 194 Ill. App. 3d 60, 65; *Lopez v. Illinois Liquor Control Comm'n* (1983), 120 Ill. App. 3d 756, 765.) The Commission relies on *Anderson v. Illinois Liquor Control Comm'n* (1982), 105 Ill. App. 3d 924, in arguing that the revocation should be affirmed. In that case the revocation of the licensee's liquor license was affirmed based on the sale of heroin by an agent of the licensee. The appropriateness of the sanction was not an issue in that case, however. Also, as noted previously, there was evidence in *Anderson* that the licensee was aware of and condoned the sale of heroin. No such evidence was presented in this case. While there was testimony that Mrs. Hanson may have been present on October 14, 1988, there was no testimony

that she or her husband was aware of the sale of cocaine.

It should be noted that the plaintiffs have had their liquor license for a significantly shorter period than the licensees in the two cases they cite. However, based on the fact that the plaintiffs operated their business for 5½ years without a previous violation and the fact that there was no evidence that the plaintiffs were aware of or condoned the sale of cocaine at their bar, we hold that, under the unique circumstances present here, the imposition of the sanction of revocation was an abuse of discretion.

Accordingly, the judgment of the circuit court of Boone County is affirmed in part and reversed in part, and the cause is remanded to the local liquor commissioner of the City of Belvidere for the imposition of a reasonable sanction.

Affirmed in part; reversed in part and remanded.

REINHARD and WOODWARD, JJ., concur.